Radcliff, J.
delivered the opinion of the court.
1. If the plea of plene administravit was properly pleaded in this action, the onus probandi lay bn the defendants. It is an affirmative (a) plea, and it was incumbent on them to maintain it, which they might have done, by showing that they had fully ad ministered, according to the inventory which they were bound to make when they assumed the administration.(b) (3 Bac. Ab. 80, new ed.)
*332 2. According to the ancient law, different modes of proceeding appear to have prevailed. At one period it was held, that a scire facias quare executionem non did not lie against an executor or administrator, without a devastavit previously returned ov found. (Com. Dig. 255, 256, tit. Administrator,. I. 3. Noy. 7.) And the sheriff might return a devastavit, but he did so at his peril, (1 Salic. 310.) In order to1 protect him against this peril, he might return nulla bona merely,' upon which the plaintiff, by a suggestion on the roll, called a testatum, might issue a writ of inquiry to the sheriff, and if a devastavit was found by the inquisition, the plaintiff.might then have á scire facias quare executionem non de bonis pro-pr.iis, against the executor or administrator, and the latter might plead and traverse the inquisition. (Com. Dig. 255, 256, ut supra. Cro. Car. 527. ■ Cro. Eliz. 859.) And if the traverse was- found against him, the judgment was then de bonis propros..(Cro. Car.'519.) But there could be no scire facias against an executor or administrator, on a bare suggestion of a devastavit, which was necessary to be returned by the sheriff, or found by an inquisition. (Com. Dig. 255, 256,. ut supra!)
At another period, it was held that if nulla bona was returned, a special fieri facias should go to the sheriff quod de bónis testatoris, fyc. at si^constare poterit quod devastavit, tunc.de bonis propriis, (5 Co. 32,) and a writ of inquiry ' - ■ to the sheriff was resolved to be improper, because ' [*278) ' ’the' ^sheriff, on taking an inquest, would not be liable for a false return, nor the jury to an attaint, being merely an inquest of office;
The .principle which has, since been settled, and which I think decides the present cáse, is, that if the party does not avail himself of- the opportunity of pleading a matter in bar to the original, action, he cannot afterwards plead it in another action,, founded on a judgment obtained in the first. This was determined in the base of Rock v. Leighton, (Salk. 310; 1 Lord Raytn. 589.' S', C. 3 Term Rep. 690;,) by Lord Holt, and it was held that the. executor was estopped by suffering judgment to pass against him in such action, and the sheriff *333 justified, in returning a devastavit. A decision to the same effect was made by Lord Hardwicke, (1 Atk. 294,) and another by Lord Kenyon and the whole court of K. B. (3 Term Rep. 685.) In delivering the opinion of the court in the latter case, Lord Kenyon considered the rule inconsistent with the form of the judgment against an executor or administrator, and with the apparent equity of the case, but the decision of Lord Holt was deemed to have settled the law, since which the determinations have been uniform on the subject.
In the cases which have been mentioned, a devastavit was actually returned. In the case before us, the return of the sheriff was nulla bona merely. This difference, however, does not affect the application of the rule. The'principle in both cases is the same, that the executor or administrator, by suffering a judgment by default in the first action against him has admitted assets, and is afterwards precluded from denying it. It is the judgment in that action which concludes him, and to this effect is the case of Skelton v. Hawling, (1 Wils. 358.) (a)
I am therefore of opinion, that the plaintiff is entitled to judgment, and this is the opinion of the court.
Judgment for the plaintiff.

 “ Negative,” infra n. (b)

 In an action against an executor on plene administravit pleaded, the plaintiff is bound to show affirmatively that the defendant had goods of the testator in his hands unadministered; Bentleys. Bentley, 7 Cowen, 701; and see Fowler v. Sharp, 15 Johns. R. 323; Wallace v. Barlow, 3 Bibb, R. 169; 4 Phill. Ev. Cow. & Hill’s ed. 366 ; and though the plaintiff is entitled to his verdict if he can prove any amount unadministered, yet the measure of his damages is not the amount of his debt, but so much as he can show to remain in the hands of the executor. Jackson v. Bowley, 1 Carr. & Marsh. 97, 102. And upon the issue of plene administravit the jury must find specially not only the amount of damages but the amount of assets in the hands of the administrator or executor, for otherwise the court cannot render judgment upon the verdict. Forbes v. Scoby, 1 Bibb, R. 281. Young v. Whitaker, 1 A. K. Marsh. 398. Porter v. Glen, 3 Bibb, R. 198. Fairfax v. Fairfax, 5 Crunch, 19. King v. Anthony, 2 Blackf. 131. Johnson v. Hawkins, id. 459. But when assets are shown to have been had the defendant must show that he administered them all. Jackson v. Bowley, ut sup. In Bentley v. Bentley, Sutherland, J. in commenting on the point of the principal case here referred to, observes, “ What the particular form of plea or replication was, does not appear. That case, however, was decided long before Fowler v. Sharp, (cited above) in which it was for the first timé in this court established that the allegation, That the defendant had fully administered, was mere surplusage in the plea. After that decision I do not see any principle upon which the defendant can be bound to prove the negative allegation that he had no goods and chattels, &c.” 7 Cowen, 705. See also 2 Creenl. Ev. 277, § 346

 If an executor or administrator have not assets to pay the debts or legacies of his testator he must plead plene administravit or plene administravit prmter fyc., for a judgment against an executor whether by default, Moore v. Martindale, 2 Blackf. 353; or on demurrer, Roch v. Leighton, 1 Salk. 310; Leonard v. Simpson, 2 Bing. N. C. 276: or upon verdict upon any plea pleaded, except admitting assets to such a sum and reins ultra; Ramsden v. Jackson, 1 Atk. 292; Erving v. Peters, cited infra ; is conclusive upon him that he has assets to satisfy such judgment. If an executor or administrator in an action brought against him as such, admit assets by his pleading, he will not in an action of debt on the judgment suggesting a devastavit, be allowed to show that he has not assets; and it will be sufficient for the plaintiff, upon issue on the plea of non devastavit to prove the former judgment and the return of nulla bona to the fieri facias. Erving v. Peters, 3 T. R. 685. 1 Saund. R. 219 d. Roscoe, Ev. 614. 2 Steph. N. P. 1902, 1906.