Van Ness, J.,
delivered the opinion o"f the court. The principal question in this cause is, whether the confession of the judgment to Stevens, concludes the defendant, on the question of assets ? This suit was commenced before that of Stevens ; 0 and if there were no other debts against the estate; of the intestate, than those of the plaintiff and Stevens, there is no doubt but that the plaintiffs would be entitled to satisfaction of their demand. By commencing this suit before Stevens, the plaintiffs acquired a right to priority of satisfaction over him, the debts being of the same degree; for although an executor has a right to prefer one creditor to another of the same degree, yet this right is restrained and controlled by the commencement of an action against him; and he is not, in that case, warranted -,n making a voluntary payment of such other debt, to defeat *453 the party of his remedy. When two creditors, in equal degree, "both commence actions, he who recovers judgment first, is to be satisfied first; and even in the last mentioned case, the right to give a preference still exists, for the executor may confess a judgment to the one. and plead such judgment in bar to the action of the other; but he is bound to plead it, and if he omits to do so, he cannot lake advantage of it in any other way. In this case, then, if there were no other debts, the plaintiff would not be devested of his prior right to satisfaction, for the defendant has omitted to plead the judgment confessed to Stevens, and that he had no assets ultra. This doctrine will be found in the case of Rock v. Leighton, (1 Salk. 310. S. C. 1 Lord Raym 58.) Probably the best report of this case is by Lord Holt himself, which will be found in Erving v. Peters, (3 Term Rep. 689.,) in the opinion of Mr. Justice Buller, who read a note of it from Lord Holt's manuscript. That case, and the case of Platt v. The Administrators of Smith, in this court, (1 Johns. Cas. 276.,) as well as others, also show, what is very well settled and known, that if a judgment is recovered against an executor, by default, on confession, such judgment is an admission of assets to the amount of the sum recovered; and that in a suit upon it, suggesting a devastavit, the production of the record of such judgment would be conclusive of that fact.
But, in this case, it is attempted to push this principle much farther; it is said that, notwithstanding the defendant has pleaded plene administravit, yet, that the confession of the judgment to Stevens, is an estoppel, not only as between the defendant and Stevens, but, also, as between the parties to this suit. This is a doctrine not to be found in any of the cases that have been cited; and, as I apprehend, is not well founded. The defendant here has pleaded outstanding specialties, and a debt due to himself, sufficient to exhaust all the assets that have ever come to his hands. The replication puts the latter fact only in issue, thereby admitting the debt as pleaded ; and upon this issue, the parties proceed to trial. The defendant, upon the trial, (as may be assumed for the purpose of discussing this point,) proved that he had no assets beyond the debts specified in his plea; now it seems to me the necessary consequence would be, that the defendant is entitled to judgment. The confession of the judgment by the defendant to Stevens, is conclusive as between *454 them, that the assets were sufficient to discharge it; but these plaintiffs were neither parties nor privies to that judgment, and it does not, therefore, estop the defendant from showing the truth of the fact in this suit. On the question put in issue by the pleadings, it may well be, that the confession of the judgment to Stevens, might properly have been submitted to the jury, as a strong, though not a conclusive, circumstance, to show that the defendant had assets, over and above the debt specified in his plea, sufficient to satisfy the demand due to the plaintiffs. Valeat quantum valere potest.
It appears to me, that the case of Rock v. Leighton, so much relied upon in behalf of the plaintiffs, has been altogether misapprehended. There, two suits had been brought against the administratrix, one by her brother, Pyke, and the other by Pugh. In the first, Pyke recovered judgment against her, by nil dicit, and in the other she let judgment go by default; and a material fact stated is, that the whole amount of assets was 279/. not sufficient to pay the first judgment. Upo'n this state of facts, the court decided, that by letting judgment go by default in the one case, when she might have pleaded the judgment in the other, with riens inter mains ultra to satisfy it, which would have been a good bar, she tacitly admitted, that she had assets ultra, and was, therefore, concluded by such her admission. And Lord Holt (I quote from Buller’s opinion in Erving v. Peters) says, “ So the plaintiff (the administratrix) might have pleaded the judgment at her brother’s suit; that would have defended the assets that she had, against the action brought by Pugh; but she, having admitted the assets she had to be liable to the action by Pugh, by letting judgment go by nihil dicit, is in the same condition as if there had been no judgment against her at her brother’s suit.” The decision in that case is simply this, that as there were assets proved to the amount of 279/. and but two debts against the estate, for which two suits were pending at the same time, and in which both the plaintiffs obtained judgment; that the administratrix was liable to pay both, on the ground of her omitting to plead the judgment first obtained by nil dicit, and suffering a judgment to go against her by default in the last, which was an admission of assets, by estoppel, sufficient to satisfy both. The administratrix was held to be liable, not because she had suffered judgment by *455 nil dicit, in the suit against her in favour of Pyke, but because she had not pleaded that judgment in bar, and thus made out a complete plene administravit; and because in the suit in favour of Pugh, the judgment by default was an estoppel, and concluded her from showing the truth of the fact; namely, that the judgment in favour of Pyke was sufficient to exhaust the whole of the assets. This case then proves, that the administratrix might have pleaded plene administravit, and that her suffering judgment by nil dicit, at the suit of Pyke, formed no part of the ground upon which the decision was founded; but, on the contrary, that she was in the same condition, as if there had been no such judgment against her.
Let us now see how these principles affect this case. Here was a judgment in favour of Stevens, which the defendant might have pleaded, if he pleased, and was bound to plead it, had it been necessary to show that he had fully administered. Instead of suffering judgment to go by default, (as in the case of Rock v. Leighton,) which would have concluded him, the defendant pleads a special plea of plene administravit, upon which the plaintiffs took issue, and, on the trial, the defendant proved, that, independently of the judgment in favour of Stevens, there were other debts, (that is to say, the debts specified in his plea,) entitled to priority of satisfaction, exceeding the whole amount of the assets. The plaintiff says he has no right to show this, because he is estopped by confessing judgment to Stevens. This is incorrect, because it has already been shown, by the case relied upon by the plaintiffs, that that judgment is no estoppel as to any other persons, than the parties to it; and because the same case proves, that if the amount of the judgment in favour of Stevens had been sufficient to exhaust the assets in the hands of the defendant, so far is it from being conclusive against him, he might have pleaded it in bar to this very action. It would be most unjust, then, that because an executor has confessed a judgment in one case, by which he has made himself liable to pay a debt out of his own estate, that he should, thnefore. be precluded from showing that, independently of the judgment so confessed, he has faithfully applied all the effects which came to his hands to the discharge of other debts due. from his testator. 1 think, therefore, that, upon this ground, the plaintiffs have no right to recover.
*456 The other points that have been made by the plaintiff are of minor importance, and equally untenable.
If the demands in favour of the intestate against Grant, the executor of Richard Howard, the elder, are to be considered assets in the hands of the defendant, he has failed to make out his defence; that this debt has ever been received, is not pretended, and there is no reason to believe that it might have been collected by barely demanding it, or that there has been wilful or gross negligence, or carelesness, on the part of the defendant, by which the collection of it has been collusively, fraudulently, or unreasonably delayed. I perceive no ground, therefore, on which to decide that these demands are to be considered as assets in the hands of the defendant. Grant’s testimony discloses the actual state of them; there is no good reason for imputing negligence to the executor, in not having done more than he has done to enforce, the payment of them. Whether they are at all recoverable, cannot now be certainly determined. If these demands are laid out of the case, then the defendant has abundantly established his plea, after making all deductions contended for by the plaintiffs, and giving them the benefit of all the unfavourable inferences to be made against the defendant, from his neglect to file an inventory, upon which, however, much greater stress has been laid in this particular case, than the facts and circumstances will warrant. We are of opinion, accordingly, that the defendant is entitled to judgment.
Judgment for the defendant.