RICHARD E. NEWCOMB, Judge, &c. *vs.* NOAH GOSS & others.

If an administrator suffers judgment to be recovered against him before he represents the deceased's estate insolvent, he must pay the full amount of such judgment, without regard to the assets of the deceased. And if, on demand made upon him to pay such judgment, or to show sufficient property of the deceased to be taken in execution to satisfy the same, he neglects or refuses so to do, he and his sureties are liable, on his administration bond, to a suit by the judgment creditor, in the name of the judge of probate, although the deceased's estate is in fact insolvent.

DEBT on a probate bond executed by the defendants, in March, 1837, upon the appointment of Goss, the principal obligor, as administrator of the estate of Amos Wilmarth.

At the court of common pleas held in the county of Franklin, on the second Monday of August, 1840, John Williams recovered judgment against said Goss, administrator as aforesaid, in a suit brought more than a year after the date of said bond, and, having sued out execution thereon, made an ineffectual demand on him to pay the same, or to show sufficient goods or estate of the intestate, to be taken in execution for that purpose. This action was thereupon brought, for the benefit of said Williams ; and upon the day of the service of the writ, and after the service, said Goss caused the estate of said Wilmarth to be represented insolvent ; and commissioners were appointed to receive and examine the claims of creditors against said estate. There would have been no reason to suppose said estate to be insolvent, if said Williams had failed to support his said action against the administrator.

*Brooks*, for the plaintiff. The Rev. Sts. *c.* 70, § 3, expressly authorize this suit ; and the administrator cannot now be allowed to deny that he has assets to satisfy the judgment against him. The question of insolvency should have been tried in the original action, on a plea of *plene administravit* which might have been traversed. Rev. Sts. *c.* 66, §§ 10 – 13. *Ruggles* v. *Sherman*, 14 Johns. 446. *Erving* v. *Peters*, 3 T. R. 689. *Rock* v. *Layton*, 1 Ld. Raym. 589. *Ramsden* v. *Jackson*, 1 Atk. 292. *Shaw* v. *McCameron*, 11 S. & R. 252. *U. States* v *Hoar*, 2 Mason, 311. *Stubbs* v. *Rightwise*, Cro. Eliz. 102.

*Terrewest* v. *Featherby*, 2 Meriv. 480. *Barton* v. *White*, 21 Pick. 58.

*Grennell* and *Aiken*, for the defendants. The Rev. Sts. *c.* 68, § 2, do not limit the time of representing an estate to be insolvent; and an administrator may do it after a year has elapsed, though no additional claim is presented after that time He may believe that he can defend against a claim; and after failing in his defence, he ought not to be obliged to pay all the debts without assets. Yet by Rev. Sts. *c.* 70, § 10, the plaintiff must recover in full, if this action can be maintained. But the 3d and 5th sections of that chapter authorize a suit, in the name of the judge of probate, without his leave, only where the estate is solvent, and the administrator's liability is found by judgment or decree of distribution. It is the 4th section only that authorizes such suit where the estate is insolvent. *Barton* v. *White*, 21 Pick. 58.

PUTNAM, J. The general provisions of the law for the settlement of the estates of persons deceased, regulating the duties of executors and administrators, and the rights or claims of creditors, are very clear. Executors and administrators are to give notice of their appointment in the manner prescribed by the Rev. Sts. *c.* 66, § 1. They are not held liable to answer to the suit of any creditor, if commenced within one year after they give bond for the discharge of their trust, unless it be for recovery of a demand that would not be affected by the insolvency of the estate. And if, within the year, they shall not have notice of demands against the estate, which will authorize them to represent it insolvent, they may proceed to pay the *debts due,* without any personal liability, on that account, to any creditor who shall not have given notice of his claim, although the estate remaining should be insufficient to pay it. If, in such course of administration, they shall have paid out the whole estate before notice of a claim subsequently presented, they may plead that they have fully administered, and be discharged. Or, if any effects remain, they may proceed to represent the estate insolvent, where there are two or more claimants whose demands the remaining effects are not sufficient to pay in full, and pay

*pro rata* according to some order or decree of distribution there-after made. Rev. Sts. *c.* 66, §§ 10 – 13. Thus the executor or administrator has ample opportunity to ascertain whether the estate is insolvent or not. He is not to wait until the claims of creditors are proved at the law before he makes his represnta-tion of insolvency. He may believe that there is a good de-fence against a claim that is presented to him ; but if its re-covery would cause insolvency, he should represent the estate insolvent.

But after the expiration of the year, the creditors may en-force their claims by suits. And in the case at bar, the creditor commenced his suit after the year, and there was no represen-tation of insolvency until after he had recovered judgment, taken out execution, and made an ineffectual demand of pay-ment on the administrator. There has been, then, an obvious breach by the administrator of the condition of his administra-tion bond. For having had full opportunity to ascertain the situation of the estate, in respect to its solvency, and having had knowledge of the claim of Williams, and having litigated it with him until final judgment, the law will suppose that he has the means in his hands to satisfy it, inasmuch as he had not made any representation to the contrary. If an executor or adminis-trator shall suffer in his property by reason of his neglecting to comply with the reasonable provisions of the law, he must as-cribe the loss to his own carelessness. *Erving* v. *Peters*, 3 T. R. 689. *Platt* v. *Robins*, 1 Johns. Cas. 278.

The case at bar comes within the Rev. Sts. *c.* 70, § 3 ; viz. " the bond given by executors or administrators, for the dis-charge of their trust, may be put in suit by any creditor of the deceased, for his own benefit, when he shall have recovered judgment for his debt against the executors or administrators, and they shall have neglected, upon demand made by the credi-tor, to pay the same, or to show sufficient goods or estate of the deceased, to be taken in execution for that purpose." It has been contended for the defendants, that this section applies only to estates which are solvent ; whereas, in the present case, the estate is insolvent. But the defendants cann t be permitted

to say that the estate was insolvent at the time when the judgment was rendered against the administrator. He had then made no representation to that effect. He might have done so ; and if, pending such representation of insolvency, a judgment had been recovered, the amount thereof would have been laid before the commissioners for allowance. But no such proceeding was had ; and it is too late, after judgment against him, for the administrator to make a representation of insolvency so as to prevent the judgment creditor from obtaining the full amount of his judgment.

*Judgment for the plaintiff.*