R. J. and R. W. McDOWELL, Administrator *vs.* D. ASBURY *et al*, Executors.

1. After a judgment fixing an executor with assets, and a return of an execution issued thereon *nulla bona*, the proper mode to subject such executor person ally, is by motion founded on notice and not by civil action.

2. Writs of *scire facias* consisted of two classes, the object of the first class being to remedy defects in, or to continue an action ; that of the second class to commence some proceeding.

3. Proceedings in the nature of a *sci. fa.* of the first class, are almost indespensable in the administration of justice, and the object of the Code was merely to abolish the name and form of writs of this class, and simplify the process into a notice or summons, to show cause why further proceedings should not be had to provide further relies, in matters where parties had had a day in Court, &c., and not to effect the substance of the remedy.

4. On such motion, the Judge may allow the defendant to make any defence which he could have availed himself of under the old *scieri facias* proceeding.

5. The form of pleading and practice to be pursued in order to subject execu‑
tors and administrators personally, under the former system, elucidated by
Dick, J.

The cases of *Binford* v. *Alston*, 4 Dev. 351. *Mann* v. *Blount*, 65 N. C. R. 99. *Mason*
v. *Miles*, 63 N. C. R. 564, and *Jones* v. *Gupton*, 65 N. C. R. 48, cited and ap‑
proved.

This was a motion for an execution *de bonis propriis* on no‑
tice, heard and determined by His Honor Judge Moore, at July
Term 1871, of Mecklenburg Superior Court.

The plaintiffs had theretofore received a judgment against
the defendants as executors, fixing them with assets and caused
an execution *de bonis testatoris* to issue, which had been re‑
turned *nulla bona.*

Thereupon this motion was made, which His Honor declin‑
ed to grant, on the ground that the proper remedy was by a
civil action.

The plaintiff from this ruling of His Honor appealed.

*R. Barringer* for appellant.
*J. H. Wilson* for appellee.

DICK. J, The administrator withdrew his plea of "fully ad‑
ministered," and allowed judgment to be entered against him
for the debt of his intestate. This judgment fixed him with as‑
sets, and an execution was issued agd returned *nulla bona*, &c.
The plaintiff after giving notice to the administrator, to make a
motion before His Honor for an execution *de bonis propriis.*

The motion was refused on the ground that a civil action
was the proper remedy. In such cases the C. C. P. has provi‑
ded no specific remedy, and we must consider the general scope
and purpose of the Code on determining whether or not the
ruling of His Honor was correct.

In examining this question we will first enquire briefly into
the remedies at common law, against an executor or adminis‑
trator, when he has made himself liable *de bonis propriis.*

A personal representation is required to act honestly and faithfully in the discharge ot his trust, and he is liable only so far as he has assets, or might have had them by reasonable diligence, unles he subjebt himself to liability by his own act. When a personal representative is sued he must protect himselt by proper pleading. If he plead any false plea in bar ot the action, such as *ne unquis executor,* or a release to himself, and rests his defence only on such plea, and the issue be decided against him, the judgment in the first instance must be *de bonis testatoris si non de bonis propriis,* for it is falsity which falls within his own knowledge. Where he puts in pleas which tend to defeat the plaintiff's sause of action, and which may not be false within his own knowledge, as *non assumpsit,* or a release to the intestate ; and at the same time pleads *plene administravit,* the plaintiff may take a judgment *quando* as to the latter plea, and join issue oh the former, and if he obtain a verdict he can have an execution for costs agaists the defendant *de bonis propriis.*

If, however, in either of the above cases the plea of *plene administravit* is put in, and issue is joined as to all the pleas, and the latter plea is found in his favor, he is entitled to a general judgment with costs, although the other issues are found against him. Willims on Ex'r. 1389. When a personal representative was fixed with assets by a judgment and the assets could not be obtained by an ordinary execution, several modes were formerly in use in England to subject him personally. In the Court of Kings Bench in former times, the usual practice upon the return of *nulla bona testatoris* was to sue out a special writ of *fieri facias* against the assets with a clause suggesting a *devastavit* and if no goods of the testator are found then it could be levied *de bonis propris.*

The practice in the Common Pleas was to issue a special *fieri facias,* suggesting a *devastavit,* with a clause, directing the sheriff to enquire by a jury as to what had become of the assets, and if they found a *devastavit* by the executor, then a

*scire facias* was issued to the executor, to show cause why a *fieri facias de bonis propriis*, should be awarded against him.

In process of time, the practice of the two courts was made uniform by joining the special *fiere facias* injury with the *scire fiacias*, into one writ, called the *scire fieri* inquiry, from the first words of the two writs which were thus incorporated.

This writ fell into disuse in England, as the plaintiff was not entitled to costs, unless the defendant appeared and plead to the writ. The usual proceeding in such cases is an action of debt on the judgment, suggesting a devastavit. 1 Saund. R., 219, notes.

This last named remedy was formerly used in this State, but the *scire fieri* enquiry was never adopted. In former times in some parts of the State, the special *fieri facias* once used in the King's Bench, was resorted to, but in the case of *Hunter* v. *Hunter*, N. C. T. Reports, 122, the more simple and expeditious process of *scire facias* was prescribed as the proper remedy in such cases.

A *scire facias* on a judgment, is not a new action, but is only issued as a continuation of the former suit. *Binford* v. *Alston*, 4 Dev., 351, 2 Tidd, 983.

When the object is to obtain an execution on a judgment it it is properly called a writ of execution. 2 *Tidd*, title *sci fa.*

In some cases a *scire facias* is an execution as the defendant may plead to it, but he cannot deny the merits of the judgment upon which it is founded. Thus on a *sci. fa.* upon a judgment against an administrator, fixing him with assets he would not be allowed to plead *plene administravit*, or any other plea of the same nature, which puts his defence upon a want of assets. 1 Saund. R., 219.

The *scire facias* when used under the old system for the purpose of obtaining an execution *de bonis propriis*, on a judgment against an administrator, although it was styled a judicial writ, was nothing more than a notice to show cause why an execution should not issue.

The C. C. P., merely abolished the form, and did not effect the substance of the remedy. The plaintiff in this case gave notice to the defendants that he would make a motion in the cause, in term time for an execution *de bonis propriis*, etc.. The Judge under the liberal provision of the C. C. P., might have allowed the defendant to make any defence which he could have availed himself of under the old *scire facias* proceeding. The plaintiff cannot obtain a direct and speedy remedy on his judgment in any other way than the one which he has adopted. A civil action cannot be brought on a judgment without leave of the Court, for good cause shown upon notice to the adverse party. C. C. P., sec. 14.

This leave could not be allowed as this Court has often decided that an action cannot be entertained which seeks no other relief than that which can be had in a case then pending. *Mann* v. *Blount*, 65 N. C., 99, *Mason* v. *Miles*, 63 N. C., 564.

The Code has abolished the writ of *scire facias*, C. C. P., sec. 362, but this section does not require a civil action to be brought to obtain a remedy in cases like the one we are now considering.

There were two forms and purposes of writs of *scire fncias* at common law,.

1. A writ which was used to remedy defects, or as a continuation of some former suit.

2. A writ in the nature of an original writ, used to commence some proceeding.

The Code does not apply to the former, but only to the latter kind. This distinction is shown in many provisions of the Code.

Under the old system writs of *sci. fa* of the first class were used to prevent abatement of suits, and remedy defects arising by a change of parties, etc. Under the Code the objects are accomplished by a motion in the case. C. C. P., 54.

After a lapse of three years from the entry of judgment an execution can be issued only on motion, with notice to the ad—

verse party. C. C. P., 256. Formerly a *sci fa* was used to obtain an execution on a dormant judgment. In the case of the death of a judgment debtor, his personal representative must be summoned to show cause why the judgment shall not be enforced. C. C. P., 319.

Other instances of a similar character might be given to show that it was not the purpose of the Code to require a civil action to be brought to obtain relief in cases where it was formerly furnished by a writ of *sci fa* of the first class above mentioned.

We will now refer to some of the writs of the second class. At common law a writ of *sciri facias* to repeal letters patent is an original writ issuing out of Chancery. Under the Code a civil action must now be brought for that purpose. Sec. 367.

A writ of *sci fa* to subject bail was an original proceeding, and in such a case the Code requires a civil action to brought. Sec. 160.

A *sci fa* to enforce an amercement against a Sheriff was in nature of an orignal writ, and now a civil action is required.

*Jones* v. *Gupton*, 65 N. C. 48, proceedings in the nature of writs of *scire facias* of the first class, are almost indispensible in the administration of justice. The Code only intended to abolish the name and form and simplify the process into a notice or summons to show cause why further proceeding should not be had andto furnish further relief in matters where the parties had had a day in Court.

If these objects could only be obtained by civil actions, the costs of legal proceedings would become burdensome and the consequent delay would almost amount to a denial of justice.

There was error in the ruling of His Honor. Let this be certified to the end that proper proceedings may be had in the cause.

PER CURIAM.                                    Error.