ASA THURLOUGH, Judge of Probate,
*vs.*
SHARON W. KENDALL and others.

*Estoppel—how waived.*

While in an action on an administrator's bond, to recover the amount of a judgment obtained by default against the intestate's estate in the hands of such administrator, the defendants might be estopped to rely upon the insolvency of the estate as a defence thereto; it would be otherwise where the insolvency is admitted by the agreed statement of facts in the case. Such admission is a waiver of the estoppel created by the default.

ON FACTS AGREED.

DEBT on an administration bond, brought for the benefit of Ansel Lathrop, who recovered judgment by default against Sharon W. Kendall, as adminstrator of the estate of the late Waterman B. Kendall. Payment of the execution issued upon that judgment was demanded and refused, and the officer made his return of *nulla bona* thereon. It was admitted that none of the conditions of the administration bond have been performed; and, on the other hand, that no property of the intestate came into the hands of the administrator.

*Jos. Williamson*, for the plaintiff.

*W. H. Fogler*, for the defendants.

PETERS, J. The plaintiff in this case makes out a *prima facie* case by the production of a judgment in his favor against the principal defendant as administrator, together with an execution duly demanded, and a return of *nulla bona* thereon.

The defence set up by the administrator is, that no assets have come to his hands wherewith to pay the claim, and that for that reason he and his sureties are exonerated therefrom. It appears that the estate was utterly worthless; that no inventory was returned; that no representation of insolvency was made, and that no account was ever rendered to the probate court. Nor were such steps necessary, no assets whatever being found. R. S., c. 66, § 2. *Walker v. Hall*, 1 Pick., 20.

The plaintiff contends that by R. S., c. 72, §§ 9 and 12, he is entitled to recover upon the administrator's bond notwithstanding such insolvency, that the administrator is estopped by the judgment in the original action to deny that he has assets; or to assert that the estate which he represents, is so far as the plaintiff is concerned, an insolvent one; that the presumption of law is that he either has assets, or that there was some good reason why he did not plead a want of assets in the original action, and that, not having done so then he cannot be permitted to do it now. Our own cases seem strongly in the direction of this legal proposition, and the general principle is well established in leading authorities elsewhere. *Sturgis v. Reed*, 2 Maine, 109; *Hapgood v. Fisher*, 30 Maine, 502; *Thompson v. Dyer*, 55 Maine, 99; *Wyman v. Fox*, 59 Maine, 100; *Erving v. Peters*, 3 T. R., 685; *Leonard v. Simpson*, 2 Bing. N. C., 176; *Gookin v. Hoit*, 3 N. H., 392; *Platt v. Robbins*, 1 Johns. Cas., 278; *Ruggles v. Sherman*, 14 Johns., 446; *Heard v. Lodge*, 20 Pick., 53; *Newcomb v. Goss*, 1 Metc., 333; *Cushing v. Field*, 9 Metc., 180. There is no difference in this regard between an insolvent estate with some assets and one with none. *U. S. v. Hoar*, 2 Mason, 317; *Ludwig v. Blackington*, 24 Maine, 25.

But we are not required to decide whether the judgment exhibited here would operate as an estoppel or not. The parties have expressly agreed as a part of the record of this case that there are no assets. Agreeing to a fact in a case stated, which the other party would have been estopped to assert, is a waiver of the estoppel. The following authorities establish the point conclusively, that under such circumstances the defence set up in this action is as efficacious here as it would have been if presented in the original suit. *Hayes v. Seaver*, 7 Maine, 240 ; *Smith v. Tilton*, 10 Maine, 350 ; *Dane v. Gilmore*, 51 Maine, 544; *Wolcott v. Ely*, 2 Allen, 338 ; *Wheelock v. Henshaw*, 19 Pick., 341.

*Plaintiff nonsuit.*

APPLETON, C. J., CUTTING, WALTON, DICKERSON, and BARROWS, JJ., concurred.