TIBBETTS & a. v. SHAPLEIGH.

An unsatisfied judgment against one joint promissor is no bar to a subsequent suit against the remaining co-promissors, who at the time of the recovery of the judgment were without the jurisdiction, so that no service could be made upon them.

Bringing a suit upon claims which were in issue, and embraced in a judgment in a former action between the parties, is a waiver of the estoppel of the judgment, and the plaintiff cannot insist upon it as a bar to the defendant's set-off.

If a party pleads a fact which he might be estopped to plead, and the other party takes issue on the fact instead of relying on the estoppel, and the truth of the fact is found, judgment may be rendered accordingly, without regard to the estoppel.

ASSUMPSIT. Facts found by a referee. The plaintiffs are E. A. Tibbetts, Joshua S. Smith, and forty other residents of New Hampshire and Maine, partners, doing business at Somersworth, N. H., under the firm name of New England Protective Union, Division 175. About November 1, 1875, the defendant, who is a wholesale dealer in groceries doing business in Boston, commenced an action in Massachusetts to recover the balance which he claimed to be due him for goods sold to Division 175, against one of the plaintiffs only, Joshua S. Smith, who was described as doing business under the name of New England Protective Union, Division 175. Smith appeared, and a trial was had, resulting in his favor. An appeal was taken, and a judgment, which is still unsatisfied, was finally rendered against Smith upon default for the amount claimed by Shapleigh.

In the present action, which was brought after the commencement of the Massachusetts suit, the plaintiffs claim to recover money overpaid by them to the defendant upon the account embraced in the Massachusetts suit. The defendant filed in set-off an account containing the same items of debt as the account which formed the basis of the Massachusetts judgment, and also an additional charge for goods sold, amounting to $15.90. The plaintiffs offered the record of the Massachusetts judgment (*Shapleigh* v. *Smith*), and it was admitted, subject to exception. The referee finds none of the items claimed by the plaintiffs due from the defendant, and that the defendant is entitled to judgment for $302.93, if the Massachusetts judgment is not a bar to the allowance of the set-off.

*Copeland & Edgerly*, for the plaintiffs. The record of the Massachusetts judgment (*Shapleigh* v. *Smith*) was proper evidence for the referee to receive. *Rogers* v. *Odell*, 39 N. H. 452; *Child* v. *Powder Works*, 45 N. H. 547; *Dame* v. *Wingate*, 12 N. H. 291; *King* v. *Chase*, 15 N. H. 9; *Chamberlain* v. *Carlisle*, 26 N. H. 540. The judgment of a court of competent jurisdiction upon the merits of the case is conclusive upon parties and privies, upon the matters directly in issue, until reversed or set aside. *State* v. *Richmond*, 26 N. H. 232; *Demerit* v. *Lyford*, 27 N. H. 541; *King* v. *Hutchins*, 28 N. H. 561; *Hollister* v. *Abbott*, 31 N. H. 442; *Wingate* v. *Haywood*, 40 N. H. 437. The Massachusetts judgment is a bar to all items in the defendant's set-off as against Smith, the defendant in that judgment; and the fact that Smith is one of the joint plaintiffs in this action makes the judgment a complete bar to all the items in the set-off as to all the other plaintiffs.

The Massachusetts statute, and the case of *Odom* v. *Denny*, 16 Gray 114, have no bearing in this case. In that case, as in the case of *Olcott* v. *Little*, 9 N. H. 259, the party against whom the former judgment issued was not joined in the latter suit; and we are not aware of any authority in Massachusetts or in this state

to authorize the suing of a party jointly with others where judgment has already issued against him for the same cause of action.

*Wiggin & Fernald*, for the defendant.    The Massachusetts judgment was against Smith alone.    As to all the other joint plaintiffs, it established no liability, was no estoppel, nor proof of *res judicata*.    It was not evidence against them, and, because not evidence against them, was not evidence against them when joined with Smith ; for what is competent evidence against only one of several joint plaintiffs, cannot be competent evidence in a suit by all.    If not evidence against them, it cannot be invoked to protect them from a judgment in a suit which they have brought.

A judgment against one of several parties jointly liable, is a bar to any subsequent suit upon the original obligation against all or any of them, not upon the ground of estoppel or *res judicata* as to the parties not joined, but upon the ground that the judgment is a merger of the obligation as to the party sued, and, the obligation being joint and indivisible, a merger as to one is a merger as to all. Big. Est., Introduction 47, 48, and 50–54 of the text.    By statute provisions in Massachusetts, the judgment against Smith, the plaintiffs not being residents there, and none of them having had personal service upon them, and none of them except Smith having appeared, is not a merger of the claim as to the other plaintiffs. Mass. Gen. St., c. 126, ss. 13, 14, 15 ; *Odom* v. *Denny*, 16 Gray 114 ; *Knapp* v. *Abell*, 10 Allen 485.    The same principle has been established by decision in New Hampshire.    *Olcott* v. *Little*, 9 N. H. 259. The only ground of the competency of the Massachusetts judgment is thus removed.    An estoppel must be mutual.    All must be bound, or no one is bound.    Big. Est. (2d ed.) 47, and note.

The plaintiffs conceded before the referee, and such is the effect of the reasoning in their brief, that the defendant would be entitled to judgment if Smith had not been joined as plaintiff ; that the defendant can sue any of the plaintiffs except Smith, and recover what is due him, without regard to the judgment he has against Smith.    If the defendant had been plaintiff, and had brought a suit upon his original demand against the other plaintiffs and Smith jointly, Smith might well have claimed that he could not be deprived of the benefit of his plea of *res judicata* by having other persons joined as defendants ; but he has waived the benefit of his plea or claim of *res judicata* by voluntarily becoming a party plaintiff with the others to a suit against the defendant, the purpose of which was to nullify the Massachusetts judgment.    The defendant brought his suit in Massachusetts against Smith for the balance he claimed to be due him, and got judgment for it ; and all the plaintiffs, including Smith, brought this suit against the defendant to recover a sum for which he had recovered judgment against Smith. The defendant, if he could have done so, did not interpose his Massachusetts judgment as a bar to the suit, but stated the account

between the parties as he claimed it stood, and went to trial upon the facts; and it appeared that he had never received the payments claimed by the plaintiffs, and the plaintiffs admitted that they had never paid a sum of $200 erroneously credited to them by the defendant's book-keeper. If the Massachusetts judgment was ever available to the plaintiffs as an estoppel to prevent the defendant from showing the truth, they are estopped from setting it up, first, by bringing this suit to annul it, and, again, by impeaching it by evidence at the trial; and an estoppel against an estoppel sets the matter at large. Or, to state the matter in another form, both sides by their proceedings in this suit waived the benefit of the Massachusetts judgment. Big. Est. (2d ed.) 542. A judgment against the plaintiffs can do them no injustice. They will only pay what they owe once. The payment of the judgment against them will extinguish the judgment against Smith. We have no occasion to combat the principles laid down in the plaintiffs' brief. They have no application to this case.

CLARK, J. The question is, whether the Massachusetts judgment is a bar to the defendant's set-off. To constitute a bar, it must operate either as an estoppel, or as a merger of the defendant's claim in the judgment. A judgment is an estoppel upon parties and privies. The Massachusetts judgment was recovered in an action brought by the defendant against one of the plaintiffs, Joshua S. Smith, and the account upon which it was founded embraced substantially the items of the plaintiffs' specification and the defendant's set-off, in controversy in the present suit. None of the plaintiffs in the present action, except Smith, were parties to the Massachusetts suit, and consequently the judgment can operate as an estoppel only between Smith and the defendant, because the other plaintiffs, not being parties to the suit, were not bound by the judgment. Neither can the judgment operate by way of merger as to any of the plaintiffs except Smith, for the reason that they were all residents of Maine or New Hampshire, and none of them were joined in that action; and by statute in Massachusetts a judgment recovered against one joint contractor in such cases is no bar to an action against the remaining joint contractors. Mass. G. S., *c.* 126, *ss.* 13, 14, 15. The same principle is recognized in this state. *Olcott* v. *Little*, 9 N. H. 259. An unsatisfied judgment against one joint promissor is no bar to a subsequent suit against the remaining co-promissors, who at the time of the recovery of the judgment were without the jurisdiction, so that no service could be made upon them.

The Massachusetts judgment can operate as a bar to the defendant's set-off against Smith only either by way of estoppel or merger; and if the plaintiffs can interpose that judgment in bar of the set-off in this action, it is because Smith is one of the plaintiffs. If the defendant is estopped by the judgment, the plaintiff Smith is

also estopped by it, because he was a party to it, and because estoppels are mutual. If the defendant's original claim was extinguished and merged in the judgment, so was the claim of the plaintiffs so far as Smith is concerned, because it was adjudicated in the same suit. But estoppels may be waived, and Smith, having himself repudiated and waived the Massachusetts judgment, is estopped to set it up in bar of the defendant's set-off. *Wheelock* v. *Henshaw,* 19 Pick. 341, 345; *Thurlough* v. *Kendall,* 62 Me. 166; *Kilheffer* v. *Herr,* 17 S. & R. 319. Smith and his co-plaintiffs, disregarding the Massachusetts judgment and treating it as a nullity, attempted to recover in this action claims which were adjudicated in that suit. The defendant tendered an issue upon the merits, and the cause was heard upon the facts by the referee. By their pleadings both parties have waived the Massachusetts judgment, and Smith, by insisting that it is invalid, is estopped to claim that the defendant is estopped by it. A party is estopped to make an objection inconsistent with his cause of action. Big. Est. 542. If a party pleads a fact which he might be estopped to plead, and the other party takes issue on the fact instead of relying on the estoppel, and the jury find the truth of the fact, judgment may be rendered accordingly without regard to the estoppel. Com. Dig., Est. E. 10. In this case there is an estoppel against an estoppel which sets the matter at large. The defendant is entitled to judgment for the amount found due on the set-off by the referee.

*Case discharged.*

BLODGETT, J., did not sit: the others concurred.