ANN E. BROWN et al. v. T. B. McKEE, Adm'r. of WILLIAM WALKER et al.

*Administration—Assets—Parties—Pleading—New Trial.*

1. In an action against one surety on an administration bond it is not error in the Court to refuse to make an order to join the other sureties.

2. The admission of incompetent testimony will not be sufficient to warrant a new trial where it is apparent it could work no injury to the party objecting.

3. A judgment by default against an administrator appointed prior to July, 1869, rendered in an action begun in 1882, conclusively fixes him with assets—notwithstanding the complaint upon which the judgment was based failed to allege that he was possessed of assets.

4. The objection that an action upon an administrator's bond was not brought in the name of the State must be made in apt time.

This was a CIVIL ACTION, tried at Spring Term, 1890, of the Superior Court of MECKLENBURG County, before *Philips, J.*

The facts shown and admitted by the pleadings were as follows:

On the 30th day of April, 1858, T. B. McKee administered on the estate of William Walker, deceased, giving as sureties on his administration bond R. R. Rea, J. B. Walker and J. L. Walker. In the year 1862, J. B. Walker and the defendant W. H. Walker administered on his estate.

On the 14th day of August, 1882, the plaintiff Ann E. Brown and others, the distributees of William Walker, brought an action against T. B. McKee and the sureties on his administration bond, including the defendant W. H. Walker, as administrator of J. B. Walker, in the Superior Court of Mecklenburg County.

The summons in said action was served on the defendant W. H. Walker, administrator, but he failed to appear or file any answer to the complaint.

The cause was referred to the Clerk to take and state an account of the estate of Wm. Walker in the hands of said McKee, as his administrator, for the purpose of ascertaining and reporting the amount due to the plaintiffs as distributees of Wm. Walker.

The referee filed his report at the February Term, 1888, of said Court, showing a balance of more than $1,200 in the hands of the administrator, with interest thereon from the 15th day of October, 1872; and no exception having been filed the report was, at that term of the Court, confirmed.

The present action was brought against W. H. Walker as administrator of J. B. Walker, and heirs at law and distributees of J. B. Walker, on the 26th day of November, 1888, to enforce said recovery.

When the cause was called for trial the defendant W. H. Walker moved the Court to make T. B. McKee, and the other sureties on the bond of said McKee, administrator of

Wm. Walker, parties to this action, insisting that they were necessary parties to a complete determination of the matters involved therein. The Court refused the motion, and the defendant W. H. Walker excepted.

The plaintiff offered in evidence the record of the suit begun in August, 1882, and rested her case.

The defendant W. H. Walker asked the Court to submit issues to the jury raised by his answer to the complaint, and also offered evidence to establish the different defences therein set up, all of which was objected to by plaintiff upon the ground that the judgment in the case of *Ann E. Brown et al.* v. *T. B. McKee et al.* was conclusive as to W. H. Walker, administrator, as to all defences set up by him in said answer; and by the defendants H. K. DeArmond and wife, upon the ground that, while the judgment was not conclusive as to the statute of limitations upon said defendants DeArmond and wife, nor as to the defence and denials contained in their answer, the defendant W. H. Walker, administrator, having failed to appear or plead, the judgment was, as to him, an absolute and final judgment, in the sense that it fixed him with assets to pay the debt sued for, and that he could not now be allowed, in this way, to change its nature or effect as an absolute judgment to the prejudice of said defendants DeArmond and wife.

This objection was sustained, and the Court refused to submit the proposed issues, or to allow the evidence to be introduced, and the defendant W. H. Walker excepted.

After the argument addressed to the Court was begun, the counsel for the defendant Walker, administrator, contended that there was nothing in the record of the action of *Ann E. Brown et al.* v. *T. B. McKee et al.* to show that J. B. Walker, the intestate of W. H. Walker, died before the 1st day of July, 1869, or that the defendant W. H. Walker, administered on his estate prior to that date, and contended that the judgment on which this action is based was not a

.final judgment, and not a judgment absolute as to this defendant, but only ascertained the indebtedness of T. B. McKee as administrator of William Walker. Thereupon, an issue was submitted as follows:

"When did W. H. Walker take out letters of administration upon the estate of J. B. Walker?"

The plaintiff and defendant H. K. DeArmond and wife then introduced evidence tending to show that J. B. Walker died in 1862, and W. H. Walker qualified as his administrator in (1862) the same year; also the answer of defendant W. H. Walker, which admitted that said W. H. Walker made a settlement of the estate of his intestate in the year 1864.

The defendant W. H. Walker duly objected to the evidence. The Court overruled the objection, and the defendant W. H. Walker, administrator, excepted. Upon the evidence and the Judge's charge in reference thereto, the jury answered the issue as follows:

"At July Term, 1862, of the Court of Pleas and Quarter Sessions of Mecklenburg County."

The defendant Walker asked the Court to instruct the jury that the effect of the record of the action offered in evidence by the plaintiff was not a suit upon the administration bond of T. B. McKee, administrator of William Walker, for the reason that it was not instituted by the State on the relation of the parties in interest, but that the same was a suit instituted by Ann E. Brown against the defendants therein named, and that the judgment therein rendered did not fix the defendant Walker with assets. The Court declined to give the instructions, but held that said judgment was an absolute judgment against said W. H. Walker, and fixed him with assets. To the refusal of the Court to give the instruction prayed, the defendant W. H. Walker excepted. Judgment for the plaintiff against W. H. Walker, administrator, and in favor of DeArmond and wife.

The defendant W. H. Walker appealed to the Supreme Court, and assigns as causes of error—

1. The refusal of his Honor to make others parties to the action.

2. The refusal of his Honor to submit the issues and receive the testimony offered by the defendant Walker to establish the defences set up in his answer.

3. The introduction of parol testimony to show when the defendant Walker administered on the estate of J. B. Walker.

4. The ruling of the Court as to the effect of the judgment rendered in the action of *Ann E. Brown et al.* v. *T. B. McKee,* Administrator, *et al.*

*Mr. C. Dowd,* for plaintiff.

*Messrs. G. F. Bason, P. D. Walker* and *C. W. Tillett,* for defendant.

SHEPHERD, J.: The first exception is addressed to the refusal of the Court to make T. B. McKee, administrator of William Walker, and the other sureties to his administration bond, parties to this action. This exception cannot be sustained. *Flack* v. *Dawson,* 69 N. C., 42; *Syme* v. *Bunting,* 86 N. C., 175; *The Code,* § 186.

The second exception is also without merit. The defendant W. H. Walker was sued as the administrator of J. B. Walker, who was a surety on the administration bond of T. B. McKee. He was duly served with process, but failed to appear, and as the matters of defence which he now offers to establish could have been asserted by him in that action, he is concluded by the judgment, and cannot now litigate them.

The third exception is to the admission of parol testimony to show the date of the administration of the said W. H. Walker.

It does not appear that such testimony was introduced: the case simply stating that "evidence" was admitted upon that point. Conceding, however, that such testimony was inadmissible, and that the question could only have been determined by the record of the appointment, and that it should have been tried upon inspection by the Court, we are unable to see how the appellant was in any way prejudiced.

The only purpose and effect of the evidence was to prove ·that the said defendant administered prior to the 1st of July, 1869, and this is clearly admitted by his answer, in which he states that his intestate died in 1862, and that he, as administrator, settled the estate in August, 1864. The exception must therefore be overruled.

The remaining exception involves an inquiry into the nature of the judgment rendered against the said Walker in the former action as administrator. His intestate was one of the sureties on the administration bond of T. B. McKee, and these plaintiffs brought an action on said bond against the principal and sureties. The said Walker, as administrator of J. B. Walker, was made a party defendant, but failed to appear or make any de·ence whatever. Upon a reference it was found that McKee was considerably indebted as administrator to the plaintiffs, and the report was confirmed and judgment rendered against all of the defendants. It is insisted by the defendant Walker that this judgment did not have the effect of fixing him with assets, and that he is now at liberty to show that he has properly administered the estate, and that the lands of his intestate should be subjected to the payment of the claims of the plaintiffs. While the judgment is somewhat informal it expressly includes all of the defendants, and the most favorable view in which it can be considered as to Walker is that it is a judgment against him as administrator. As the administration was prior to the first day of July, 1869, this case is governed by the laws existing at that time (*The Code*, §§ 1476, 1477), and

we think it well settled that under the former practice "a judgment against an executor or administrator, whether by default or demurrer, or upon any plea pleaded by an executor or administrator except *plene administravit*, or admitting assets to such a sum, and *rieus ultra*, is conclusive upon him that he has assets to satisfy such judgment." Iredell Executors, 673; Eaton's Forms, Note, 225. In *Ruggles* v. *Shearman*, 14 Johns., 446, it was held that "if an executor or administrator confesses a judgment or suffers judgment by default, he is estopped from denying assets to the extent of the judgment as far as regards the plaintiff therein." To the same effect are *Triel* v. *Edwards*, 6 Modern Rep., 368; *Rock* v. *Leighton*, 1 Salk, 310; *Skelton* v. *Hawling*, 1 Wilson, 258; *Wheatley* v. *Lane*, 1 Saunders, 216, and numerous other cases. This doctrine is considered as firmly established by modern writers (2 American Law of Administrators, 792), and is recognized to have been the former law in this State in *McDowell* v. *Asbury*, 66 N. C., 444. In that case it is said that " where a personal representative is sued, he must protect himself by proper pleading," and the administrator having withdrawn his plea of "fully administered," it was held that a judgment against him for " the debt of his intestate " fixed him with assets. So in *Hooks* v. *Moses*, 8.Iredell, 88, where a judgment was confessed by an administrator before a Justice of the Peace for the amount of the debt, and nothing was said about assets, it was held in an action upon this judgment that the plea of *plene administravit* was immaterial, as the former judgment was conclusive against the defendant upon that question. The case of *Armistead* v. *Harramond*, 4 Hawks, 339, is not in conflict with the above authorities, as it was there simply held that a judgment against an administrator for the debt of his intestate, while evidence of the debt and of assets, did not, as to the latter, bind his sureties, who were not parties to the action.

It is also contended that the complaint in the former action should have alleged that the defendant Walker was possessed of assets, and our attention was called to the declaration in *Platt* v. *Robbins*, 1 Johns., 276, which contains such an averment. The case is not in point, as it was an action of debt upon a former judgment suggesting a *devastavit*, which was one of the methods of enforcing a judgment after a return *nulla bona* upon an execution *de bonis testatoris*. Under the former system an action against an administrator for the recovery of a debt due by his intestate, in itself implied a charge that the administrator had such assets; and, as we have seen, it was necessary for him to protect himself against liability by proper pleas. Indeed, it was a common practice to declare simply upon the debt of the intestate, and if there was a judgment by default or on plea as to the assets, the judgment was regarded as fixing them in the hands of the administrator. The manner of enforcing such judgments is elaborately considered in *McDowell* v. *Asbury*, *supra*, and need not be repeated here. Suffice it to say that if the Sheriff returned *nulla bona* to the *fieri facias de bonis testatoris*, the plaintiff must generally have proceeded by *scire facias* in order to have obtained an execution *de bonis pro priis*, and in such proceeding, while the defendant could make any defence arising subsequent to the judgment fixing him with assets (as for instance, their loss or destruction under excusable circumstances), he would be precluded from setting up any matter which could have been pleaded before the rendition of such judgment. The same principle applies in this proceeding, but the only matter which the said defendant relied upon could have been pleaded before the judgment, and is therefore inadmissible.

The objection that the former action should have been commenced in the name of the State, would have been good if taken in apt time (*Carmichal* v. *Moore*, 88 N. C., 29), but

cannot avail the defendant under the circumstances of this case.

Our conclusion is, that as Walker, administrator, is fixed with assets, and as it is not shown that he and his sureties are insolvent (*Latham* v. *Bell*, 69 N. C., 135, and *Lilly* v. *Wooley*, 94 N. C., 412), the land should not be sold, and the judgment against the said Walker should be affirmed.

Affirmed.