## MANN v. BAKER.

(Filed October 9, 1906).

*Executors and Administrators—Account and Settlement— Evidence—Burden of Proof—Pleadings—Practice.*

1. An action against an administrator for an account and settlement should not be dismissed because not brought "on relation of the State" when it had been pending for years.

2. In an action by the heirs and distributees against an administrator *d. b. n.* for an account and settlement, it is competent for them to show any indebtedness due the estate, whether by the former administrator or by other debtors.

3. In an action against an administrator for an account and settlement, when any indebtedness due the estate is shown, the burden is upon the administrator to show that he used due diligence in collecting the same, but was unable to collect, or, having collected, has accounted for the same. It is not sufficient simply to show that the administrator has accounted for the sums he actually collected.

4. In an action for an account and settlement, it is not necessary to specifically set out the debts which the administrator had failed to collect, but it is sufficient to aver a breach of duty in failing to file final account and to fully account and settle.

ACTION by W. H. Mann and others against George S. Baker, administrator of J. B. Mann, heard by *Judge E. B. Jones* on exceptions filed by plaintiffs to the report of the referee at the April Term, 1906, of the Superior Court of

FRANKLIN. From the judgment rendered the plaintiffs appealed.

*B. B. Massenberg* for the plaintiffs.
*P. H. Cooke* for the defendant.

CLARK, C. J. This is an action by the heirs at law and distributees of J. B. Mann against G. S. Baker, administrator *d. b. n.,* for an account and settlement. It was referred, and the referee found that J. B. Mann died in 1865 and H. H. Harris qualified as his administrator; that in 1870 Harris was removed and W. H. Spencer was appointed administrator *d. b. n.;* that he dying in 1877, G. S. Baker was appointed administrator *d. b. n.,* and has filed no final account. The plaintiff offered to show that W. H. Spencer, the former administrator, sold certain real estate of his intestate, under decree of Court, and received therefor, as appears by his recorded returns, the sum of $7,252.55. The referee excluded this evidence on the ground that this specific allegation was not made in the complaint, and excluded it in making up his findings on the facts and the law. The referee found that all the funds which had come to the hands of defendant as administrator *d. b. n.* of J. B. Mann had been properly accounted for, and held as conclusions of law: 1. That the action should be dismissed because not brought by plaintiffs "on relation of the State." 2. That defendant, not having filed his final account, was not protected by the statute of limitations. 3. That having disbursed all the funds which came into his hands, the defendant was entitled to recover costs against the plaintiffs, who were adjudged to have shown no cause of action.

The plaintiffs excepted to the first conclusion of law. The Court in its discretion allowed the plaintiffs to amend. Besides, as the case had been pending for years, this purely technical objection had been waived and came too late. *Brown v. McKee,* 108 N. C., 387. The plaintiffs further

except because the referee's findings are based, as he states, upon an exclusion of the record evidence of the sums which came into the hands of the previous administrator, W. H. Spencer. This is the real point presented by the appeal. It is the duty of an administrator *d. b. n.* to investigate and collect in all sums due the estate, whether by the former administrator, *Latham v. Bell,* 69 N. C., 135; *Smith v. Brown,* 99 N. C., 377, or by other debtors.

In an action by the heirs and distributees for a settlement, it is competent for them to show any indebtedness due the estate, and such being shown, the burden is upon the administrator to show that he used due diligence in collecting the same, but was unable to collect, or, having collected, has accounted for the same. It is not sufficient simply to show, as was done here, that the administrator has accounted for the sums he actually collected. Here the Court records offered in evidence showed that the former administrator had received $7,252.55, proceeds of realty of his intestate, which had been sold by order of Court. The defendant as administrator *d. b. n.* was the only person who could have taken steps to recover that sum or ascertain if it had been properly disbursed. It was his duty to take such steps in apt time, and he is responsible for any loss occurring from his failure to do so. When the plaintiffs offered to show that such sums were reported by the former administrator as being in his hands, they should have been allowed to do so, and the defendant should have been allowed to show that he used due diligence and ascertained that said sum had been accounted for, or that he was unable to collect. It was error to exclude all investigation of that matter; and the referee's report stating that his conclusions were based upon the evidence of the sums actually collected, excluding this evidence, it was error to confirm it. It is true that the referee offered to allow the plaintiff to amend by specifically charging the failure to collect any sum due by the former administrator, but it was

not necessary in an action of this nature to specifically set out the debts which the administrator had failed to collect, and the plaintiff, fearing the amendment would work further delay in an action already long drawn out, declined. It was sufficient to aver a breach of duty in failing to file final account and to fully account and settle. In fact, however, the complaint does allege a balance of $1,027.60 due on amount actually collected, as shown per defendant's annual account, and further the sum of $7,280.42 due by said administrator, of which plaintiffs averred that they had but recently received information. The complaint is sufficient to show that the action was for a full accounting and to recover not only any balance actually collected, but for an account of any sums which the administrator "should have collected." It was error to exclude evidence offered with that view, and the Judge erred in confirming the report.

Error.