NEW-YORK,
May, 1820.

Williams
v.
Holden.

---

### WILLIAMS, Supervisor of Batavia, vs. L. & H. HOLDEN.

The *individual* property of an *executor*, administrator or trustee may be taken for a *tax* imposed upon him in his *representative character*, when no property of the testator, intestate, or *cestui que trust* can be found.

The *tax law* prescribing that every person shall be assessed in the town or ward where he resides for all personal estate owned by him, *including all personal estate in his possession as executor*, &c. such last estate to be carried

out separately, and assessed to the person in his *representative* character; and having provided for the correction of any errors that might occur, if a party neglects to avail himself of the mode of correction given by the act, he is concluded from questioning the assessment in any other manner.

The regularity of the assessment *cannot be impeached* in an action against the collector for a neglect of duty by a *plea* that there were other executors who acted jointly with the person upon whom the tax was imposed.

DEMURRER to plea. The declaration is in *debt* on a bond bearing date 1st December, 1828, conditioned for the faithful performance of the duties of the office of *collector* of the town of Batavia, by L. Holden, one of the obligors; the other being his surety. The breach assigned is the neglect to pay over the sum of $710,83, part of the taxes directed to be levied in Batavia by virtue of an assessment roll and the usual warrant, delivered to the collector on the 15th December, 1828.

The defendants pleaded *non est factum*, and especially that the assessors of Batavia, in making out the assessment upon the taxable inhabitants of that town in the year 1828, assessed and valued the personal estate which belonged to one Joseph Ellicott at the time of his death, (he having died previous to the assessment) at $150,000; that the assessment was entered on the assessment roll in the following words and figures; " David E. Evans, executor or representative of Joseph Ellicott, deceased, value of personal estate $150,-000"; that the tax direct to be levied upon that sum was $710,83; that before the 1st February, 1829, the collector called upon Evans at the place of his usual residence in Batavia, and made diligent enquiry of him for personal estate, goods and chattels which belonged to Ellicott at the time of his death, and could not discover or find any in the possession of Evans, nor was there any such personal estate, goods or chattels in the possession of Evans or within the town of Batavia, between the 15th December 1828, and the 1st February 1829, whereof the sum of $710, 83, or any part thereof could be collected; that within a week after the time for paying over the monies directed to be collected, the collector offered to deliver to the county treasurer an account of the said sum of $710,83, and to make oath that

that sum remained unpaid, and that he had not, upon diligent enquiry, been able to discover any goods or chattels belonging to Ellicott at the time of his death whereon he could levy the same or any part thereof, but that the treasurer would not receive the same as an accounting of unpaid taxes to that amount; and that the collector fully accounted for all monies directed to be levied, except the said sum of $710,83. The special plea also alleged that Ellicott, previous to his death, made and published a last will and testament, appointing David E. Evans and three other persons executors; that after the decease of the testator, and previous to the making out of the assessment roll, all of the executors proved the will and took upon themselves the execution of the same, and jointly and together performed the duties of such executors in the said town of Batavia. The plaintiff demurred generally, and also specially for duplicity. The defendants joined. The cause was submitted on written arguments by

*G. W. Lay*, for the plaintiff.

*E. B. Allen & D. H. Chandler*, for the defendants.

*By the Court*, SUTHERLAND, J. The 5th section of article 1, title 2, chapter 13, of the revised act, passed December 3d, 1827, page, 224, (1 R. S. 389,) enacts, " *that every person shall be assessed in the town* or ward where he resides when the assessment is made, for all personal estate owned by him, *including all such personal estate in his possession or under his control as trustee, guardian, executor or administrator: and in no case shall property so held under either of those trusts, be assessed against any other person.*" The *tenth* section of the succeeding article, page 227, (1 R. S. 391,) provides, that where any person is assessed as trustee, guardian, executor or administrator, he shall be assessed as such, with the addition to his name of his representative character, and such assessment shall be carried out in a separate line from his individual assessment, &c. The 2d section of article 1, of title 3 of the same chapter, page 235, (1 R. S. 397,) provides, " That in case any person shall refuse or neglect to

*Margin note:*

NEW-YORK, May, 1830.

Williams
v.
Holden.

pay the tax imposed on him, the collector shall levy the same by distress and sale of the goods and chattels of the person who ought to pay the same, or of any goods and chattels in his possession, wheresoever the same may be found, within the district of the collector, &c. The 10th section of the same title, and page 237, (1 R. S. 399,) provides, that if any of the taxes mentioned in the tax list, annexed to the warrant of the collector, shall remain unpaid, and the collector shall not be able to collect the same, he shall deliver to the county treasurer an account of the taxes so remaining due, and upon making oath before the county treasurer, or in case of his absence, before any justice of the peace, that the sums mentioned in such account remain unpaid, and that he has not, upon diligent enquiry, been able to discover any goods or chattels belonging to or in the possession of the persons *charged with or liable to pay* such sums whereon he could levy the same, he shall be credited by the county treasurer with the amount thereof.

The question presented by this demurrer, it will be perceived is, whether the individual property of an executor, administrator, or trustee may be taken for a tax imposed upon him in his representative character, when no property of the testator, intestate or *cestui que trust* can be found? I am inclined to think it may. The tax is imposed *personally* upon the executor, and must be so by the very terms of the act, " *every person shall be assessed* in the town or ward where he resides, for all personal estate owned by him, *including all such personal estate in his possession or under his control as executor*," &c. It is a personal tax in his special character as trustee. He is considered by this act as the beneficial owner of the trust property. The tax is imposed upon him in the same manner as it would have been imposed upon the testator had he been living. It is kept distinct and separate from his individual tax, not because the mode of collecting it is different, but to enable him to correct the assessment if the valuation is erroneous and to give him incontestible evidence of the amount paid for taxes on the trust property, in the settlement of his account with the trust estate.

If the legislature had intended that taxes of this description should be collected specifically and exclusively out of the

trust property, and not from the trustee personally, they would have said so in terms and have prescribed the mode in which the collector was to proceed. But no such discrimination is to be found in the act. " In case *any person* shall neglect or refuse to pay the tax *imposed on him,* the collector shall levy the same of the goods and chattels *of the person who ought to pay the same,* or of any goods and chattels *in his* possession." Who is the *person* upon whom this tax is imposed? *David Evans. Who is the person who ought to pay the same?* Unquestionably Mr. Evans. It cannot be contended that the tax is imposed upon *Joseph Ellicott,* the testator, nor that *he* ought to pay it. It should be paid out of his estate. But it is imposed upon his *executor,* who ought in the first instance to pay it, and who has all the requisite authority to enable him to appropriate to that purpose so much of the estate of Mr. Ellicott as may be required. Taxes upon personal property it is believed are never imposed specifically upon the property itself, as they sometimes are upon lands. They are always imposed upon some individual in respect to that property, who in fact as in judgment of law has the possession or control of it.

Nor does this construction of the act impose any hardship upon trustees, or subject them to any peril. The 16th section of the act, (1 R. S. 392,) provides, " That if any trustee, guardian, or executor or administrator shall specify by affidavit the value of the property possessed by him or under his control by virtue of such trust, &c. the assessors shall value the same at the sum specified in such affidavit." The oath of the trustee is made conclusive. This is before and preparatory to the making of the assessment roll. After it is made it is to be deposited with one of the assessors, public notice of the fact is to be given, and all persons interested have 20 days to examine and make objections to it, and the assessors are to review and alter it if it is shewn to be erroneous. (1 R. S. 393, sec. 20, 1, 2, 3.) If an individual, therefore, is assessed as executor, when in fact he is not executor, or when he has no trust property in his possession or under his control, or if such property is over-valued, he has only to

NEW-YORK,<br>
May, 1830.<br>
Williams<br>
v.<br>
Holden.

NEW-YORK,
May, 1830.

Williams
v.
Holden.

make oath, or produce other satisfactory evidence of the facts, and the assessment will be either entirely taken off, or reduced, according to the truth and justice of the case. If Mr. Evans had not in his possession or under his control, as executor of Joseph Ellicott, $150,000 worth of personal property, or any portion of it, he should have applied to the assessors under the preceding provisions of the act, and the error would have been corrected. Not having objected to the assessment in the manner prescribed by the statute, he is concluded from questioning it in any other manner. It cannot be collaterally impeached. It is analogus to the case of a suit against an executor, in which he omits to plead and suffers judgment by default. He thereby admits assets and subjects himself to personal liability, as for a devastavit. (1 Johns. Cas. 276.)

The assessment, therefore, establishes the fact that Mr. Evans was the executor of Joseph Ellicott; that he had, when the assessment was made, in his possession or under his control as such executor, $150,000 worth of personal estate, and that the assessment of $710,83 was regularly and properly made. If no portion of this property can be found by the collector, it must be, either because the executor has put it out of his possession since the tax was imposed, or because it was of an intangible nature, which could not be reached or levied on by process. If the executor has made distribution of the estate, or otherwise parted with the property, without retaining sufficient to pay the tax previously imposed, he has done it in his own wrong ; he had notice of the assessment and was bound to provide for its payment, and had a right to retain funds for that purpose. If it consisted of choses in action or securities, upon the principles contended for by the defendant, it is in the power of the executor in this case, as it will be in every other, absolutely to prevent the collection of the tax. It must depend upon his volition whether it is paid or not. This view of the subject alone would be decisive, if the construction of the act were admitted to be doubtful.

That part of the plea which alleges that there were other executors of Joseph Ellicott, who together with Mr. Evans

proved the will, and all of whom jointly performed the duties of executors *in the said town of Batavia,* cannot aid the defendant. It does not aver that the other executors were inhabitants of the town of Batavia. They may have performed the duties of executors there without being inhabitants; and unless they were inhabitants of the town they could not be taxed there, either individually or jointly with others in their representative character. But a fatal objection to this branch of the plea is, that it does not allege that any portion of the property assessed to Mr. Evans was in the possession or under the control of his co-executors. A co-executor is chargeable only for the *assets* which come to his hands, and not for those in the hands of his companion. (*Douglas* v. *Satterlee,* (11 Johns. R. 16.) If the whole of this property was in the possession of Mr. Evans, he was the person to be taxed for it, although he had associates in the trust. That it is admitted to have been in his possession has already been shewn. It has also been shewn that the regularity of the assessment cannot be questioned, which appears to be the object of this branch of the plea.

It is unnecessary to decide whether the plea is objectionable in point of form, as it is deemed to be radically defective in substance; but it appears to me to be clearly double. The declaration is substantially good, though perhaps it may be liable to some formal objections.

Judgment for plaintiff on demurrer.