## SUPREME COURT.

### DUDLEY B. FULLER agt. J. W. ALLEN and others.

The process first issued and levied upon personal property, and the sale under such process, conveys to the purchaser the title to the property to the same extent as the sheriff or officer could have given title, *on the day he made the levy.* That is, the sale by the officer relates back to the date of the levy, and conveys all the title to the property, which the officer obtained the day the levy was made.

And such sale cuts off all lien for *taxes* upon the property, where the levy for the taxes was made subsequent to the levy by the officer on the execution upon which the property was sold.

In the city and county of New York, the warrant to the receiver of taxes to collect the tax, does not authorize him to make a levy. The statute prescribes the mode of making such distress by issuing a warrant to an officer, &c.; and until such warrant is delivered to the officer and levied, there can be no lien for such tax on personal property of the party assessed.

A purchaser of personal property on a sale under an execution, may have an injunction, *pendente lite,* to restrain the taking of such property for taxes claimed to be a lien thereon.

*New - York Special Term, May,* 1858.

MOTION for an injunction. The facts sufficiently appear in the opinion of the court.

C. N. POTTER, *for plaintiff.*
A. R. LAWRENCE, JR., *for defendants.*

INGRAHAM, Justice. The plaintiff seeks to restrain the defendants from levying a warrant to collect a personal tax from property in his possession, and which he claims to belong to him. The tax was against the New-York and Liverpool

United States Mail Steamship Company for the years 1856 and 1857 ; and a warrant was issued on the 2d day of Febru-. ary, 1858, by the receiver of taxes, to one Hillyer, who made a levy on the steamer Atlantic.

On the 28th of January previously, the sheriff had levied an execution against the company on the same steamship, and on the 1st day of April the ship was sold by the sheriff to the plaintiff.

Notwithstanding such sale, the officer still claims a right to proceed against the vessel for the collection of the tax, and threatens to remove therefrom sufficient to satisfy the same. There are some points necessary to be settled in order properly to dispose of the case.

*First.* The sale by the sheriff to the plaintiff related back to the date of the levy and conveyed to the plaintiff all the title to the property, which the sheriff obtained the day he made the levy on the vessel. See *Butler and others* agt. *Maynard and others*, (11 *Wend.* 548,) where it was held that under the Revised Statutes, a levy on personal property defeated a subsequent purchase though *bona fide*, and for a valuable consideration. (*See also Birdseye* agt. *Ray*, 4 *Hill*, 162.)

*Second.* Taxes upon personal property are not a lien upon any specific property, so as to prevent a sale to a *bona fide* purchaser, until a levy is actually made for the collection of such a tax, and then the lien exists only upon the property levied on. (*Preston* agt. *City of Boston*, 12 *Pickering, p.* 7.) In *Williams* agt. *Holden*, (4 *Wend. p.* 223,) Justice SUTHERLAND says: " Taxes upon personal property are never imposed specifically upon the property itself, as they are upon lands. They are always imposed upon some individual in respect to the property, who in fact, or in judgment of law, has the possession or control of it."

*Third.* Even if the time of delivery of the warrant to the officer and not the day of the levy, was the date from which the lien on the property occurred, still the levy having been made previous thereto under the execution, it would not avail the defendants in this case.

Fuller agt. Allen.

*Fourth.* The warrant to the receiver of taxes to collect the tax, did not authorize him to make a levy.

The statute prescribes the mode of making such distress by issuing a warrant to an officer, &c.; until such warrant is delivered to the officer, there can be no lien for such tax on personal property of the party assessed.

*Fifth.* From these conclusions it will be apparent that on levying the tax against the company, the officer could not thereby defeat a previous levy made by the sheriff on the same property. The process first issued and levied obtained priority, and the sale under such process, conveyed to the purchaser the title to the property to the same extent as the sheriff could have given title, on the day he made the levy.

A *bona fide* purchaser of the property would therefore obtain a title to the property free from any lien for a tax due by the company. Two questions remain to be examined: one, whether the plaintiff is entitled to the same rights as a *bona fide* purchaser? and second, whether, if he is, an injunction is the proper remedy?

Upon the first question there can be no doubt that the levy upon the furniture and fixtures of the Baltic and Adriatic was void, and gave no lien thereon.

Such levy was not only made after the levy of the sheriff, but after the sale of these vessels had been made to the plaintiff.

The announcement that he had a lien on these vessels for the tax at the time of the sale, amounted to nothing, as he had then made no levy on those vessels, but had actually levied on the other steamer, and had ample property, if the levy was valid, to pay the debt. But notice of such lien was nothing, if in fact no lien existed, and if the levy of the sheriff was entitled to priority, the notice of the officer having the distress warrant did not affect the purchaser or diminish the title which the sheriff had thereby a right to give.

The point upon which I have hesitated is, whether the plaintiff is entitled to the remedy by injunction. The case of *Wilson* agt. *The Mayor*, &c., in the common pleas, which has been

concurred in by the supreme court, and by decisions of judges in this court, establishes, I think, conclusively, that an injunction should not be issued to restrain the collector of taxes from collecting the taxes imposed by proper authority, both on account of the impropriety of thus interfering with the public authorities and preventing them from providing the necessary means for the government of the city, and because the plaintiff, if injured, has other means of redress.

In the present case, however, the application is not to restrain the collection of the tax. The plaintiff asks that property which he has purchased may not be taken to pay the tax of another.

He does not seek to interfere with the officer in any other measures which he may see fit to take as to any property of the party assessed, and in this respect may not come within the provisions referred to.

That the plaintiff has an ample remedy by an action for the trespass upon his property would be clear, if the party committing it was responsible. But as no other person than the officer would be responsible for such trespass, it seems to be an unsatisfactory answer to an application · for relief, to turn the party seeking it over to an action against an individual who is not responsible for· any damages which might be recovered against him.

In this case, also, it appears that the officer proposes to do serious injury to the plaintiff's property, by removing from all the vessels furniture which is fitted to them, and which at a sale would be of much less value than in the place where such furniture is now placed, and the loss to the plaintiff would be greater than could be compensated for by a recovery of the ordinary value of the property.

I have therefore, but with much hesitation, come to the conclusion to grant the motion for an injunction, so far as to restrain the defendants from removing or selling any of the property in either of the vessels purchased by the plaintiff, but without in any way restraining him from taking any other measures he may see fit to collect such taxes. The defend-

ants should, however, be fully secured, if it hereafter appears that such lien on the property exists as is claimed by them.

Before signing such an injunction, the plaintiff must either pay into court the amount due upon such tax, or execute a bond with two sureties in a sum sufficient to secure such payment, if hereafter the plaintiff shall fail in this action—such bond or undertaking, if given, to be approved of by one of the justices of this court on two days' notice to the attorney of the defendants.