THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM H. CASWELL, v. THE COMMISSIONER OF TAXES AND ASSESSMENTS FOR THE CITY AND COUNTY OF NEW YORK.

*Assessment — executor not liable to, unless property of the estate is in his possession.*

The will of the relator's testator, a resident of the county of Westchester, was in 1877 duly proved before the surrogate thereof, and letters testamentary thereon were issued to his four sons, who resided in said county, and to his sons-in-law,

Wm. B. Tailor, and Wm. H. Caswell, the relator, who resided in New York. It appeared that prior to January, 1878, the relator ceased to take any part in the settlement of the estate, except to give his opinion and advice when asked by his co-executor; and that at the time of the assessment hereinafter mentioned, made by the respondents he had not in his possession or control any personal property belonging to the said estate.

The respondents assessed the personal property of the testator at $500,000 to the relator, and one Ross Campbell, as executors.

*Held,* that, as the relator had no property of the estate in his possession or control, the assessment was erroneous and should be vacated.

CERTIORARI to review an assessment against the relator, made by the respondents for the purposes of taxation.

*W. J. Osborne,* for the relator. The power here delegated by the statute to the commissioners is to be strictly construed, and, the language of the statute being plain, nothing is to be left to the discretion of the commissioners. (*Prosser* v. *Secor,* 5 Barb., 607; *People ex rel. Mygatt* v. *Supervisors of Chenango Co.,* 11 N. Y. R., 563; *Whitney* v. *Thomas,* 23 id., 281; approved in 48 id., 93; *National Bank of Chemung* v. *City of Elmira,* 53 id., 49.) The commissioners, in making the assessment in question, seem to have concluded that, because the relator had never resigned or renounced his executorship, he had just as much the *possession* and *control* of the assets of the estate as his co-executors. This position is untenable. (*Burt* v. *Burt,* 41 N. Y., 46; *Douglas* v. *Satterlee,* 11 John., 16; *Mesick* v. *Mesick,* 7 Barb., 120; Redfield's Law and Practice of Sur. Courts, 251; *Banks* v. *Wilkes,* 3 Sandf. Ch., 99.)

*J. A. Beall,* for the respondents. The relator was properly assessed for the said personal estate in the county of New York. (R. S., pt. 1, ch. XIII, title 2, art. 1, § 5; id., vol. 1, p. 934.) The true rule in case of an estate of which there are several executors residing in different counties would seem to be to assess *pro rata* in the several counties. This rule was adopted in Ohio, where the statutes are not unlike those of this State. (*The State ex rel. Harkness* v. *Matthews,* 10 Ohio St., 431.)

DAVIS, P. J. :

The facts of this case are as follows : William Watson, the testator, died in the town of Westchester, Westchester county, Sep-

PEOPLE ex rel. CASWELL v. COM'R. OF TAXES. 295

First Department, March Term, 1879.

tember 25, 1877, being at that time, and having been for several years prior thereto, a resident of that town.

His last will and testament was duly proved before the surrogate of Westchester county, and letters testamentary were issued to his four sons, who resided in Westchester, and his two sons-in-law, William B. Tailer and William H. Caswell. The relator resides in the city of New York. The respondents assessed the personal property of said testator at a valuation of $500,000 to the relator, and one Ross Campbell, as executors of the estate of William Watson.

The relator appeared before the respondents in due season, and applied to have the said assessment vacated. He was duly sworn, and showed by his deposition the facts above stated, and that the relator had in accordance with a determination formed by him prior to the 1st day of January, 1878, for some months past, ceased to take any part in the settlement of the said estate, except to give his opinion and advice when asked for by his co-executors; and that at the time of the service of the notice of assessment on him, and for some months prior thereto, he had not, nor had he then in his possession nor under his control, as executor, any personal property belonging to said estate.

Upon this state of facts the respondents ruled that the relator was liable to be taxed upon the amount of the assessment. The Revised Statutes provide that every person shall be assessed in the town where he resides when the assessment is made, for all personal estate owned by him, including all personal estate in his possession or under his control as trustee, guardian, executor or administrator, and in no case shall property so held under any of these trusts be assessed against any other person. (1 R. S., 934.)

The question presented therefore, upon the undisputed facts of this case, is whether the personal property of the estate of the deceased was, within the meaning of the statute, in the possession or under the control of the relator as one of his executors. The assessors held that it must be assumed that the legal title and possession, and the consequent right to control were in the relator, notwithstanding the property was in the hands of his co-executors in another county and under their physical and personal control.

In this we think they erred. In *Williams* v. *Holden* (4 Wend.,

223) assessment of the personal estate of the testator was made against one David E. Vane who was one of the four executors. A demurrer was interposed to the plea, which amongst other things alleged that there were other executors who, together with Mr. Vane, proved the will, and all of whom jointly performed the duties of executors in the town of Batavia where Vane resided and was assessed.

The court after considering other objections to the plea say : " But a fatal objection to this branch of the plea is that it does not allege that any portion of the property assessed to Mr. Vane was in the possession or under the control of his co-executors. A co-executor is chargeable only for the assets which come to his hands, and not for those in the hands of his companion. (*Douglas* v. *Satterlee*, 11 Johns., 16.)

The facts as undisputed in this case are that the whole of the personal estate was in the actual possession and control of the four executors residing in Westchester county, and that this relator not only had in fact no possession of any portion of it, but had refused to further participate in the execution of the trust.

Clearly within the rule laid down in the case cited, he had no such possession or control as subjected him to the assessment. His co-executors were alone responsible for the property. The most that could be said in respect of his power is, that he had the legal right, if he had chosen to resort to it, to enforce the proper execution of the trust.

The assessment we think was erroneous and should be vacated. The judgment should be ordered accordingly, with costs.

BRADY, J., and INGALLS, J., concurred.

Assessment vacated and judgment ordered accordingly, with costs.