PEOPLE *ex rel.* DAY *v.* TAX COMMISSIONERS.

*(Supreme Court, Special Term, New York County. November 20, 1891.)*

TAXATION—BONDS DEPOSITED IN OTHER STATES—RESIDENT TRUSTEE.

Under 2 Rev. St. c. 13. tit. 1, § 1, which provides that all personal estate "within this state" shall be liable to taxation, and title 2, § 5, which provides that every person shall be assessed for all personal estate "in his possession" or "under his control" as trustee, a resident trustee is not liable to taxation for bonds deposited without the state, under the joint control of his two non-resident co-trustees, though secured by mortgages on property within the state; and the fact that the trustees meet, and take action relative to their trust, within the state, is immaterial.

Proceeding by the people, on the relation of Henry Day, against the tax commissioners, to vacate an assessment on personal property. Assessment modified.

*Lord, Day & Lord,* for relator.    *William H. Clark,* Corp. Counsel, for defendants.

ANDREWS, J.    Assuming that Mr. Day was a resident of New York city in January, 1891, the Revised Statutes, as amended by chapter 176 of the Laws of 1851, did not authorize the assessment in question, because the securities deposited in Newark, N. J., could not be regarded, for the purpose of taxation, as "within this state," nor were they in the "possession" or under the "control" of Mr. Day.    2 Rev. St. (8th Ed.) pp. 1082, 1094;[1] *People ex rel. Hoyt* v. *Commissioners,* 23 N. Y. 230; *People ex rel. Jefferson* v. *Smith,* 88 N. Y. 576; *People ex rel. Darrow* v. *Coleman,* 119 N. Y. 137, 23 N. E. Rep. 488.    In the last-mentioned case, PECKHAM, J., who delivered the opinion of the court, said: "It is substantially conceded, and it is, in any event, very plain, that prior to the act (chapter 392, Laws 1883) the assessment in question could not be sustained."    And speaking of the right in which a trustee holds property, and of the statute which, in certain cases, authorizes the assessment of such property, he said: "He [a trustee] has the legal title, and he is to be assessed for it when it is within the state; but this is by express provision of statute, and such provision is not mentioned in the case of a trustee whose trust property is outside the state, and not in his possession."    Nor (upon the same assumption as to the residence of Mr. Day) was the assessment authorized by said chapter 392 of the Laws of 1883, because, as interpreted by the court of appeals, that statute refers to those debts only which are "solely" due or owing to residents of this state, and does not, in any case, include debts due or or owing to "trustees."    In the *Darrow Case,* above referred to, two of the trustees resided in this state, but the securities assessed were in the possession of a third trustee, who resided in New Jersey.    Judge PECKHAM, in his opinion, which was concurred in by all the judges except EARL, J., absent, said: "Does the act of 1883 meet such a case? We think not.    It is not a debt due and owing to persons residing within this state, for it is one which is due or owing to them in connection with another, who is a joint owner, and who is not a resident within this state, and such other has possession of the securities.    The statute means that the debt must be one which is solely due or owing to residents of this state.  *  *  *  Nor do we think that the statute means to include as owners persons who were trustees only, and thus assess them for the property not held by them and not within this state.    Generally, a man is not spoken of as the owner of property who merely holds it as a trustee and in a representative capacity."    It is claimed by the counsel to the corporation that the case at bar can be distinguished from the *Darrow Case—First,* because, while the securities were physically without the state of New York, they were not in the custody or possession or physical control of either of the non-resident trustees, or at the house, or even within the same town or city, with such non-resident trustees; *secondly,* because the meetings held by the trustees in the discharge of their duties under the trust were held in the city of New York; and, *thirdly,* because the bonds and mortgages held by the trustees represented investments made on property situated within the state of New York.    Upon principle, I do not think that either of the facts above mentioned constitute a ground upon which this case can be distinguished from the *Darrow Case.*    The securities were in the state of New Jersey, and Mr. Day alone, not only had no control over them, but he could not even have access to them without the presence of one of the non-resident trustees; while, on the other hand, the

[1] 2 Rev. St. (8th Ed.) p. 1082, (chapter 13, tit. 1, § 1,) provides that all personal property "within this state" shall be liable to taxation.

2 Rev. St. (8th Ed.) p. 1094, (chapter 13, tit. 2, § 5,) provides that every person shall be assessed for all personal estate "in his possession" or "under his control" as trustee.

two latter, jointly, though not severally, did have such control and right of access.    Our statutes authorize the assessment of such personal property only as is "within the state," and trustees can be assessed for such personal property only as is in their "possession" or under their "control," and, as the securities were neither "within the state" nor in the "possession" nor under the "control" of Mr. Day, he could not be assessed for them.

The fact that the trustees meet and take action in relation to their trust in the city of New York is immaterial.    Our statutes contain no provisions making personal property situated without the state liable to taxation in case its custodians meet and transact business relating to their trust within the state; nor does the fact that the bonds are secured by mortgages upon real property situated in this state make either bonds or mortgages liable to taxation here.    It is true such property has the protection and benefits given by the state to all real property within its limits, but the property itself is liable to be, and doubtless is, taxed here.    The bonds and mortgages themselves are in New Jersey, and the debts secured by such bonds and mortgages are not due or owing to Mr. Day alone, but to him jointly with the other trustees, who are non-residents.    Moreover, such bonds and mortgages are not merely evidences of debt, but are themselves property.    In the case of *People ex rel. Jefferson* v. *Smith, supra,* EARL, J., who delivered the opinion of the court, said: "It is clear from the statutes referred to and the authorities cited, and from the understanding of business men in commercial transactions, as well as of jurists and legislators, that mortgages, bonds, bills, and notes have for many purposes come to be regarded as property, and not as the mere evidence of debts, and that they may thus have a *situs* at the place were they are found, like other visible, tangible chattels."

Bonds secured by mortgages upon real property located in other states are taxable here when the bonds and mortgages themselves are within this state, and, if the laws of New Jersey are like our own, the securities in question are liable to be taxed there.    The fact that the property taxed did not have the protection of our laws was not the only consideration which influenced the court of appeals to make the decisions which it did in the *Hoyt, Jefferson,* and *Darrow Cases,* above cited.    That court has uniformly held that ambiguous statutes of our own state relating to taxation ought not to be construed to cover personal property situated in other states, and thus render it liable to be taxed more than once.    In the *Darrow Case* it was said: "The contention of the counsel for the tax commissioners would render property liable to double, or even treble, or still greater, taxation, if the laws of other states were like ours, and there were three or more trustees living in as many different states.    The statute, as it is, may lead to injustice in the double taxation of personal property,—once to its absolute owner in this state, and again in the hands of his agents, in the shape of securities in their custody and control, in other states.    It is not for courts to widen the possible injustice which may be perpetrated under a statute by giving it a construction, not only not called for by its language, but forced and unnatural, under the circumstances.    It is unnecessary to go over the argument arising from an examination of the whole law of assessment, for the purpose of showing that the construction adopted by us is the correct one.    We think that it plainly appears that the construction adopted by the learned general term may lead to such a perversion of justice that no court ought to adopt it, unless constrained by the plain st language of the statute.    We are of the opinion that such is not the language of this one."    The observations last above quoted were made in reference to the said act, (chapter 392, Laws 1883,) but they are equally applicable to the provisions of the Revised Statutes, above cited, which relate to the taxation of personal property "within the state," and in the "possession" or under the "control" of trustees.    And, so far as that act itself may have been supposed to furnish authority for the assessment in question, the fact that

the bonds are secured by mortgages upon real property situated in this state is wholly immaterial, because, as above stated, the court of appeals has decided that the term "owners," as used in that statute, does not include "trustees," and that the statute means that the "debt must be one which is solely due or owing to residents of this state." Mr. Day was assessed as a trustee, and the debt cannot, in any view of the case, be considered as due or owing "solely" to him, and therefore the statute can have no possible application to the case. I am of the opinion that the assessment involved in each of the proceedings brought on behalf of legatees under the will of Mrs. Eliza M. Morgan should be vacated and set aside, irrespective of the question whether Mr. Day is or is not a resident of this state. That question is not free from difficulty, but as he and his family habitually live in this city during the winter months, and were so living here on the second Monday of January, 1891, and as it is conceded that of the estate held under the trusts created by the will of the late Edwin D. Morgan there was within this state and city, on that date, personal property of the value of $54,652, I think that the assessment should not be wholly vacated, but should be reduced to that amount.