The order must be affirmed, but without costs.

BARNARD, P. J., concurred ; DYKMAN, J., not sitting.

Order awarding costs affirmed, without costs.

---

In the Matter of the Final Judicial Settlement of the Account of RICHARD A. KENWORTHY and Another, as Executors of THOMAS KENWORTHY, Deceased.

*Executors and trustees' commissions — assessment against an " estate" — executors allowed to retain moneys for a tax not due.*

Where the clear value of the personal estate of a decedent exceeds one hundred thousand dollars, each executor, not exceeding three, is entitled to full commissions, subject to an apportionment of the commissions among the executors, except possibly where the executor has been guilty of misconduct.

Where executors receive from their estate funds to be held by them as trustees, they are entitled, as trustees, to half commissions for receiving the moneys, and to half commissions upon payments made by them as trustees out of the moneys.

*Semble,* that a tax assessed against "the estate" of a person is void. Property should be assessed against the owner whether held absolutely or in trust.

Where tax commissioners have made an assessment upon personal property, part of the estate of a deceased person, but at the time of the accounting the tax has not become a lien, the Surrogate's Court may properly direct the executors of the estate to withhold a sum which will pay the tax if it prove to be valid.

APPEAL by Martha J. Kenworthy, individually and as executrix of Thomas Kenworthy, from that part of a decree, entered in the office of the surrogate of Dutchess county on the 4th day of September, 1891, which denied her commissions, also from that part which gave the executors, as trustees, commissions on a trust

fund of $40,000, and which authorized the trustees to accept and receive, as part of said trust funds, certain bonds and mortgages, and directed that said trust fund be charged with two-thirds of a certain tax directed to be paid from income.

The estate, as it appeared in the inventory, was $168,058.41, of which $40,000 was a trust fund. Upon the trial it was stated by the counsel for the executors that the estate of Thomas Kenworthy deceased, was assessed upon the assessment-roll of the city of Poughkeepsie for the present year at $36,000. That he, with the executors, had sought to have that assessment reduced, but could not succeed. That the assessment was to "the Estate of Thomas Kenworthy." None of these statements were questioned by any party to this proceeding.

The account of the executors was filed about July 21, 1891, and before the time when, by the statute relative to the city of Poughkeepsie (where the testator died), the tax became a lien or payable. The decree of the surrogate contained the following provision :

"And it appearing that the estate of Thomas Kenworthy has been assessed in the city of Poughkeepsie for $35,000, and that the tax on this amount will be payable in the month of January, 1892, it is ordered and adjudged that the trust estate of $40,000 be charged with two-thirds of said tax, to be paid from the income, and that the said executors retain the sum of $250 from the residuary estate, from which shall be paid one-third of said tax, and the balance, if any, thereafter distributed among the residuary legatees, according to their respective rights."

*W. Farrington*, for Martha A. Kenworthy, appellant.

*Charles F. Cossum*, for the executors, respondents.

*Jacob Halstead*, for the residuary legatees and guardian *ad litem*, respondents.

PRATT, J. :

Section 2736 of the Code provides that where a decedent's personal estate amounts to $100,000, or more, over all debts, each executor, not exceeding three, is *entitled* to full compensation, unless the court shall apportion the aggregate according to the services rendered. I do not understand that the power to apportion includes the power

totally to abate any executor's compensation except, possibly, in the case of misconduct, resulting in loss, or where the net estate is less than $100,000.

There seems to have been no occasion to apportion the aggregate in this case, at least no such thing was done, and nobody complained on that account. Two executors have received their full compensation. The executrix was not allowed any compensation. I think this was wrong. The statute as applied to this case says that she was *entitled* to full compensation, because there was nothing taken from her compensation by any apportionment. She qualified and did do some acts in administration.

The basis for her commissions is the amount of the estate. I can see no other meaning to the words "full compensation." This "compensation" is by means of commissions. Full compensation, therefore, means "full commissions." And that is based on the whole estate irrespective of which executor actually handled it. (*Valentine* v. *Valentine*, 2 Barb. Ch., 430.)

I do not understand the case of Manice (31 Hun, 119) to be in conflict with these views. That was a case of two executors who had administered an estate. It does not appear that the net estate amounted to $100,000. Hence there was but one commission to be allowed, and that was awarded to the executor who did the work. Here, as already observed, the statute is peremptory and gave this executrix full commissions, because nothing was taken from her commissions by apportionment.

I do not understand that the surrogate has allowed full commissions to the trustees as trustees, but one-half commissions for receiving the trust and one-half for paying out such a part as they have paid. This seems sanctioned by authority.

Assuming that the tax was a proper charge, the disposition which the surrogate made of the matter was just and fair. We cannot now undertake to hold the tax invalid as against the public authorities, and it may be that we could not lawfully do so when we come to hear what they have to submit. But it would seem from the facts now disclosed that it may well be doubted if any tax is payable.

There seems to be an irregularity in the assessment which, under *Trowbridge* v. *Horan* (78 N. Y., 439), will render it invalid. The tax authorities cannot tax the *estate* of a decedent. They may tax

the property against the owner thereof, whether held absolutely or in trust. They do not seem to have done that, but to have assessed the *estate* as such. This form of assessment was held invalid in *Trowbridge* v. *Horan*, and I do not see why it was valid in this instance. I cannot, therefore, concur with the learned surrogate in actually charging the parts of this tax on shares. *Non constat* it may never be paid. For aught that I can now see, it ought not to be paid. It may be, however, that when the public authorities come to be heard on this matter they may show some facts not now disclosed, which will show that this tax ought lawfully to be paid. If so, it will be time enough to direct payment thereof. The decree should, therefore, be modified by allowing the retention of the money in the proportions indicated, which shall be charged if the tax is held payable, otherwise it should be distributed among the parties entitled thereto.

In view of the fact that the appeal of the executrix is well founded, she ought to have her costs and disbursements of this appeal payable as a part of the expenses of the estate generally. The result also shows that it was reasonable that she should have the benefit of the advice and services of counsel before the surrogate on the accounting. She was, therefore, entitled to indemnity against her expense for that cause, within the statutory limit, quite as plainly as for her traveling and other expenses.

The decree should be resettled so as to provide for her commissions and the costs and disbursements of this appeal, and her counsel's services within the statutory limits, as part of her expenses, and also to provide for the tax matter as herein indicated.

BARNARD, P. J., and DYKMAN, J., concurred.

Part of decree appealed from modified in accordance with opinion of Judge PRATT, order to be settled by him.