(8 Misc. Rep. 32.)

PEOPLE ex rel. BREWSTER et al. v. BARKER et al., Commissioners of Taxes.

(Supreme Court, Special Term, New York County. April, 1894.)

TAXATION—PERSONALTY—WHERE ASSESSED.

Where the trustees of an estate residing in several counties by a formal resolution transfer all of the personalty to two of their number, who actually take possession under the resolution, and the other trustees take no part in the active management of the estate, the two said trustees have "possession and control" of the personalty, within 2 Rev. St. (7th Ed.) p. 989, § 5, providing that personal estate in the possession or under the control of a trustee shall be assessed in the town where he resides.

Certiorari by Benjamin Brewster and another, as executors and trustees under the will of David Dows, deceased, to review an assessment of personal property made by Edward P. Barker and others, commissioners of taxes. Judgment for relators.

Deming & Waldradt (Horace E. Deming, of counsel), for relators. Wm. H. Clark, Corp. Counsel (George S. Coleman and James M. Ward, of counsel), for respondents.

LAWRENCE, J. This is a certiorari brought to review proceedings of the commissioners of taxes and assessments in relation to an assessment made upon the relators, as executors and trustees of David Dows, late of the city of New York, deceased. By his will the testator appointed Alexander E. Orr, the relators Benjamin Brewster and Richard Hoe, and David Dows, Jr., and George B. Cooksey, executors and trustees. The Revised Statutes provide that:

"Every person shall be assessed in the town or ward where he resides, when the assessment is made, for all personal estate owned by him, including all personal estate in his possession, or under his control, as agent, trustee, guardian, executor or administrator, and in no case shall property so held under either of those trusts be assessed against any other person." 2 Rev. St. (7th Ed.) p. 989, § 5.

It is conceded in this case that Mr. Orr resides in the city of Brooklyn, and that David Dows, Jr., and George B. Cooksey are residents of Irvington, in the county of Westchester. It is also conceded that the residence of Benjamin Brewster, one of the relators in this proceeding, is in the city of New York. The other relator, Mr. Hoe, claims a residence in Irvington, which claim is denied by the respondents; but upon the evidence taken by the referee herein I am of the opinion that it cannot be disputed that on the day when the assessment was imposed Mr. Hoe was a resident of Irvington, in the county of Westchester. I agree with the counsel for the respondents that the single question involved in this proceeding is the meaning of the words "possession and control," contained in the provision of the Revised Statutes to which I have just referred, and, therefore, that it is immaterial in the present discussion whether Mr. Hoe, at the time of the assessment, resided in the county of New York or in the county of Westchester; for, if Mr. Brewster, the remaining relator, had, within the meaning of the statute, "possession

and control" of the property held in trust, as there is nothing before me to show that the amount of the assessment exceeded the value of the property thus controlled and possessed, such assessment cannot be successfully attacked. On the evidence in the case I am, however, of the opinion that Mr. Brewster did not have such possession and control of the property assessed as to render it liable to taxation in the county of New York. The evidence discloses that neither Mr. Orr nor Mr. Brewster handled the securities, or had anything to do with the active management, of the estate, with the exception that Mr. Brewster assisted in checking or tallying the inventory of the securities immediately after Mr. Dows' death. His position seems to have been that of an adviser, and by the resolutions passed at the meeting of the executors, which was held on the 2d of December, 1890, all the personal property of the testator was placed in the exclusive custody and control of David Dows, Jr., and George B. Cooksey, whether the same was held by them as executors or as trustees. The cases which have been referred to by the learned counsel for the respondents cannot, in the face of those resolutions, and of the other facts proven before the referee, be taken as authority for the position that the relator Brewster had such possession and control of the securities belonging to the estate of the testator as to subject them to assessment and taxation in this county in consequence of the residence of Mr. Brewster in this county. The case of People v. Coleman, 119 N. Y. 137, 23 N. E. 488, throws no light upon this point. In that case the provision of chapter 392 of the Laws of 1883, declaring that "all debts and obligations for the payment of money due or owing to persons residing within this state * * * wherever such securities shall be held, shall be deemed for the purposes of taxation personal estate within the state, and shall be assessed as such to the owner or owners," was the subject of construction, and it was held that it referred to debts or obligations which are solely due or owing to residents of this state, and that it does not include as owners persons who are trustees only; and that, therefore, a resident trustee could not be assessed for securities not held by him and not within this state, but which are in the possession of one of the nonresident trustees. That act was undoubtedly passed in consequence of the decision of the court of appeals in People v. Smith, 88 N. Y. 576, and the court held that it was not to be extended beyond the plain import and meaning of its language, and that, therefore, a trustee was not to be regarded as an owner. The case of People v. Coleman, 42 Hun, 581, is not in point, for the reason that the relator in that case resided in the city of New York, and that it did not appear that any of the property for which he had been assessed was not in his possession. See page 585. The case of People v. Commissioners of Taxes, 38 Hun, 536, is also not in point, for the reason that two of the executors were residents of the city of New York, and that the possession of the nonresident executor was merely temporary on account of their absence by reason of illness, the court saying that there was no evidence of the transfer of the property to any other place, except what might be inferred from the circumstances under which the foreign executor took pos-

session; but this was a possession for the use of the estate and its beneficiaries, and in no sense deprived the other executors of that legal custody and possession resulting from their relation to it as executors and trustees. In this case it appears that by a formal resolution the physical as well as the legal possession of the property assessed was transferred by the trustees and executors to Mr. Dows and Mr. Cooksey; that they took possession of the property under said resolution, and held it at the time of the imposition of the assessment, and have not parted with that possession, so far as the evidence discloses, up to the present time.

The case of People v. Commissioner of Taxes, 17 Hun, 293, decided by the general term of this department, seems to me to dispose of this case. In that case the testator, by his will, appointed his four sons, who resided in Westchester, and his two sons-in-law, one of whom, the relator, resided in the city of New York, the executors of his will, and letters testamentary were issued to such persons. The personal property of the testator was assessed by the tax commissioners in the city of New York to the relator as one of the executors of the estate. The relator appeared before the respondents in due season, and applied to have the said assessment vacated. Upon being sworn, he showed that he had, in accordance with the determination formed by him prior to the assessment in question, ceased to take any part in the settlement of the estate, except to give his opinion and advice when asked for by his coexecutors, and that at the time of the service of the notice of assessment upon him, and for some months prior thereto, he had not, nor had he then, in his possession or under his control as executor any personal property belonging to the said estate. Davis, P. J., in delivering the opinion of the court, says:

"The question presented, therefore, upon the undisputed facts of this case is whether the personal property of the estate of the deceased was, within the meaning of the statute, in the possession or under the control of the relator as one of his executors. The assessors held that it must be assumed that the legal title and possession and the consequent right to control were in the relator, notwithstanding the property was in the hands of his coexecutors, in another county, and under their physical and personal control. In this, we think, they erred."

The court cites in its opinion the case of Williams v. Holden, 4 Wend. 224. I do not discover that this decision of the general term of this department has ever been reversed, and, as the facts involved in that case so clearly resemble the facts presented here, I feel myself bound to regard it as binding and conclusive upon me in disposing of this case. I am therefore of the opinion that the relators are entitled to the relief which they seek by this proceeding, and that judgment should be rendered vacating the assessment, and striking the same from the assessment roll of 1891. Ordered accordingly.