(26 Misc. Rep. 40.)

PEOPLE ex rel. CADWALADER v. FEITNER et al.

(Supreme Court, Special Term, New York County. January, 1899.)

TAXATION—ASSESSMENT—TRUST PROPERTY.

    A compliance with Laws 1896, c. 908, § 32, providing that a person holding taxable property, as trustee, shall be assessed therefor as such, with the addition to his name of his representative character, carrying such assessment out in a separate line from his individual assessment, requires that, in assessing property to one as trustee, there must be an identification of the exact trust, and hence an assessment to one by the use only of the words "as trustee," following his name, is void.

Certiorari by the people, on the relation of John Cadwalader, against Thomas Feitner and others, as tax commissioners, etc., to review an assessment of personal property made against relator. Writ sustained and assessment vacated.

George W. Wickersham, for relator.
James M. Ward, for respondents.

BEEKMAN, J. The annual record of the assessed valuations of personal estate for the year 1898 discloses the following assessment against the relator:

| Name. | Residence. | Valuation. |
|---|---|---|
| John L. Cadwalader, as trustee.............................. | 13 E. 35 | $35,000 |

While the books were open for correction, notice of this assessment was duly given to him. He accordingly made timely appearance before the commissioners, and demanded that it should be canceled on the ground that it was an attempt to assess him in a representative capacity, but that the statute in that regard had not been complied with because of a failure on their part to properly describe his representative character.

The return states that the assessment was based upon the fact that "on or about the 21st day of July, 1897, a mortgage of $35,000 was given by Emma L. Jacob, wife of Leonard Jacob, to Charles E. Strong and John L. Cadwalader, as trustees, which mortgage was to run three years, and bear interest at the rate of 5 per cent." It is also stated that the commissioners had ascertained that Mr. Strong had died before the second Monday of January, 1898. It further appears from the petition, and is not disputed, that an assessment had been also separately made against the relator in his individual capacity, which had been canceled by the commissioners upon evidence that he was not the owner in his own right of any property that was subject to taxation. There can, therefore, be no doubt, nor has any been suggested, that the assessment in dispute was intended to be made against the relator in a representative capacity.

Section 32 of chapter 908 of the Laws of 1896, known as the "Tax Law," provides as follows:

"Sec. 32. Assessment of Agent, Trustee, Guardian or Executor. If a person holds taxable property as agent, trustee, guardian, executor or adminis-

trator, he shall be assessed therefor as such, with the addition to his name of his representative character, and such assessment shall be carried out in a separate line from his individual assessment."

This is but a redeclaration of a statute which has been in existence in this state for many years.

The sole question presented for consideration here is whether the attempted designation of the representative character of the relator, by the use of the words "as trustee" only, was a substantial compliance with the requirements of the section above quoted.    I am of the opinion that it was not, and that the assessment was accordingly void and should be canceled.    The precise question does not seem to have been the subject of judicial inquiry, so far as I have been able to discover from the reports, but the principle which, as it seems to me, solves the question, has been quite definitely decided.    It has been repeatedly held by the court of appeals, as well as by the lower courts in this state, that it is not sufficient for the tax commissioners to assess land or personal property to the "estate of A. B.," or to the "heirs of A. B." but that the assessment, in order to be valid, must specify the name or names of the individuals who are subject to the tax.    Cruger v. Dougherty, 43 N. Y. 107; Trowbridge v. Horan, 78 N. Y. 439; Cromwell v. MacLean, 123 N. Y. 474, 485, 25 N. E. 932; In re Kenworthy, 63 Hun, 165, 17 N. Y. Supp. 655; Village of Sandy Hill v. Akin, 77 Hun, 537, 28 N. Y. Supp. 889.

The ratio decidendi of these cases seems to be that there must be an exact conformity to the statute, and that the requirement that the assessment be made to the owner necessarily imports the designation of such owner by name.    It may also be added that the assessment should be made in such a way that no doubt or uncertainty can arise with respect either to its subject-matter or to the person to be taxed, and that it should not be so ambiguous or indefinite as to require the consideration of facts outside of the record for the purpose of elucidating the actual intention of the assessors.    The degree of certainty which the statute thus seems to require is surely not satisfied by simply describing the person sought to be taxed in a representative capacity by using the words "as trustee," as the particular trust with respect to which the assessment was intended to be made is not mentioned.    The vice of such a method will be manifest on a moment's consideration.

It is a well-known fact that the trust companies in this city, which are authorized by law to act in that capacity, and many others, are severally trustees for a large number of persons, under separate and distinct trusts; and yet, if the form of assessment which has been adopted in the present case be upheld, it would be impossible for them to determine, when so assessed, which of the numerous estates in their hands was intended, and to which the payment of the taxes should be charged.    In short, the record of the assessment would utterly fail to disclose in what particular representative capacity as trustee they had been assessed.

In the case of Williams v. Holden, 4 Wend. 223, the court, in commenting upon a statutory provision which was similar to the one under consideration, says (page 226):

"It [the tax] is kept distinct and separate from his [the taxpayer's] individual tax, not because the mode of collecting it is different, but to enable him to correct the assessment if the valuation is erroneous, and to give him incontestable evidence of the amount paid for taxes on the trust property in the settlement of his account with the trust estate."

This, in my opinion, presents, in a very clear and concise form, the reason for the statutory provision which requires a separation of the individual assessment from an assessment of the same person with respect to property held by him in a representative capacity. It necessarily imports that there must be in the record of the assessment itself an identification of the particular trust intended, sufficient to enable the trustee to present to the tax commissioners such considerations as the condition of such trust estate may call for with respect to its liability to taxation, or the extent of the assessable property which may belong to it, and also to place beyond dispute his source of reimbursement when the tax is paid.

It is plain that the proper construction of the statute requires a separate assessment against a trustee with respect to each separate and distinct trust administered by him. It is also obvious that the tax commissioners could not, under a single assessment, and a general designation of the person assessed by the words "as trustee," without further description, include all the trust estates represented by him. Such a method would inevitably result in difficulties and complications in the determination of the proportion of the tax which should be charged against each estate, and in other respects, which it would be most unreasonable to suppose the legislature ever intended to sanction. Separate assessments, then, being necessary with respect to each trust, it is the more apparent that the trust itself must, in each case, be particularized, as otherwise it would be impossible to determine to which estate any one of such assessments applied, and a condition of uncertainty would exist calling for a construction of the statute that would avoid any such result. Such a construction, which is consonant with reason and does no violence to the terms of the statute, is realized by holding, as I do, that the requirement that the representative character of the person assessed shall be stated imports a specification of the concrete relation of such person to a particular trust. As this has not been observed in the case at bar, it follows that the assessment is void, and should be canceled.

Writ sustained, and assessment vacated.