PEOPLE ex rel. DREIER ét al. v. FEITNER et al., Tax Com'rs.

(Supreme Court, Special Term, New York County.   March, 1901.)

1. Taxation—Assessment of Testamentary Trustees and Executors—Correction of Erroneous Assessment.
    Laws 1896, c. 908, § 32, provides that property held by one as trustee, executor, or administrator, shall be assessed to him as such, with the addition to his name of his representative character, and such assessment shall be carried out in a separate line from his individual assessment. Section 253 provides that where, in proceedings to review tax assessments, it appears that an assessment is illegal, the court may order it to be stricken from the roll, or, if erroneous or unequal, may order a reassessment or correction to be made. *Held* that, where property held by several persons in the double capacities of executors and trustees under a will was assessed to them as a whole, the court could and would correct the assessment by apportioning it between the amounts held as executors and as trustees, respectively.

2. Same—Failure of Trustee to Qualify—Validity of Assessment.
    The fact that one of the parties to whom the assessment was made, who was named as an executor and also as a trustee under the will, failed to qualify, did not so invalidate the assessment that the court could not correct it by directing the amount properly assessable to the trustees to be assessed to them.

3. Same—Trusts Created by Same Will—Joint Trustees—Separate Assessment.
    Under Laws 1896, c. 908, § 32, providing that property in the hands of one as trustee, executor, etc., shall be assessed to him as such, with the addition to his name of his representative character, and that such assessment shall be carried out in a separate line from his individual assessment, where property is held by several testamentary trustees, for several trusts created by the same will, the several trusts need not be separately assessed, but the property may be assessed as a whole to such trustees jointly.

Proceedings by the people, on relation of Henry Edward Dreier and others, against Thomas L. Feitner and others, tax commissioners, to review tax assessments.   Assessment corrected.

Samuel Untermyer, for relators.
George S. Coleman, for respondents.

LAWRENCE, J.   This is a proceeding under the general tax law of the state to review an assessment for the taxation of personal property in the hands of relators for the year 1899.   An assessment was originally entered in the borough of Brooklyn for the sum of $1,000,000, and after a hearing before the commissioners was confirmed. at that amount.   The assessment was in form against Henry Edward Dreier, Dorothea A. Dreier, and Ludwig Dreier, as executors and trustees of the estate of Theodore Dreier. It is claimed by the relators that this assessment is illegal and erroneous, for the reason that it has been made upon the taxable property of Theodore Dreier, deceased, in the names of Henry Edward Dreier, Dorothea Dreier, and Ludwig Dreier, as executors and trustees of the estate of Theodore Dreier, deceased, without any separation of the property in the hands of the executors of his will and the property in the hands of the trustees of the different separate trusts under said will; that the said Ludwig Dreier was not a

trustee of any of the trusts under said will; that no valid assessment could or can be made of the personal property in the hands of the executors of said will and of the trustees of the different separate trusts under said will together; that no valid assessment of such property can be made otherwise than by a separate assessment of the property in the hands of said executors and a separate assessment of the property in the hands of the trustees of each of the separate trusts under said will. The allegation of overvaluation is in general terms without a specification of the extent of overvaluation. The fact that Ludwig Dreier, who was one of the executors and also one of the trustees under the will of Theodore Dreier, had not qualified as trustee at the time of the assessment, does not, in my opinion, so far affect its validity as to require the court to entirely set it aside. By the thirty-second section of the tax law (Laws 1896, c. 908) it is provided that "if a person holds taxable property as agent, trustee, guardian, executor, or administrator, he shall be assessed therefor as such, with the addition to his name of his representative character, and such assessment shall be carried out in a separate line from his individual assessment." It was conceded by the relator, H. Edward Dreier, who is an executor and trustee, in his testimony before the commissioners on May 10, 1899, that the assets of the estate in the hands of the executors amounted to the sum of $391,000, and it appeared from his testimony on May 12, 1899, that the total amount of bonds distributed to and held by the trustees was $629,190, making an aggregate sum of $1,020,190 derived from the estate of the deceased, so that as executors and trustees there was in the hands of the relators at the time of the assessment over $1,000,000. This proceeding, as already stated, is taken under the tax law of 1896, and by section 253 of that law it is provided that upon a return to a writ of certiorari, "if it shall appear that the assessment complained of is illegal or erroneous or unequal, for any of the reasons alleged in the petition, the court may order such assessment, if illegal, to be stricken from the roll; or, if erroneous or unequal, it may order a reassessment of the property of the petitioner or the correction of his assessment upon the roll in whole or in part, in such manner as shall be in accordance with law, or as shall make it conform with the valuations and assessments of other property upon the same roll and secure equality of assessment. * * * A new assessment or correction of an assessment made by order of the court shall have the same force and effect as if it had been made by the proper officers within the time prescribed by law for making such assessment." As I find upon the facts before the commissioners of taxes and assessments that the amount of the personal property of Theodore Dreier, deceased, held by the relators as executors and trustees subject to taxation was the sum of $1,020,190, the objection that one of the executors, who was also named in the will as trustee, has not qualified in such capacity should not be allowed to invalidate the assessment nor to exempt $629,190 of that amount from taxation. The court, under the section just quoted, has the power to direct a correction of the assessment so as to make the assessment $391,000 as

against the executors, and $629,190 against the trustees. All the parties, executors and trustees, being before the court, such an order, it seems to me, can and should be made. I see no necessity for making the separate several assessments as to the trusts, as contended for by the relators. The case of People v. Feitner, 26 Misc. Rep. 40, 56 N. Y. Supp. 407, is not in point, for the reason that there was nothing to show of what person or estate the relator was trustee. Here the relators are designated as the executors and trustees of the estate of Theodore Dreier.

Draw order in accordance with this memorandum, and settle on one day's notice.