PEOPLE ex rel. STEBBINS v. PURDY et al., Commissioners of Taxes and Assessments.

(Supreme Court, Special Term, New York County.   November 28, 1910.)

1. TAXATION (§ 438*)—ASSESSMENT — ADDITIONAL ASSESSMENT — ASSESSMENT AGAINST EXECUTOR—"OWNER."

Greater New York Charter (Laws 1901, c. 466) § 894a as added by Laws 1906, c. 207, providing that so long as the book of annual record of the assessed valuation of personalty remains open for correction, the board of taxes and assessments, on 10 days' notice to the party in interest, may add to the assessment roll the name of the "owner" of any personalty, and its assessed valuation, that may have been omitted, does not authorize the addition of the name of an executor or other person holding in a representative capacity, but only the name of a beneficial owner of personalty; the tax law carefully distinguishing between the legal owners of property and persons holding merely as agents, executors, etc., as is shown by Tax Law (Consol. Laws, c. 60) §§ 8, 21, 33.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 768, 769; Dec. Dig. § 438.*

For other definitions, see Words and Phrases, vol. 6, pp. 5134–5151; vol. 8, p. 7744.]

2. STATUTES (§ 245*)—CONSTRUCTION—STRICT CONSTRUCTION—TAX LAWS.

The tax law (Consol. Laws, c. 60) must be strictly construed, and the government can take nothing that is not clearly authorized by the words of the statute.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 326; Dec. Dig. § 245.*]

Certiorari by the People, on the relation of Chárles H. Stebbins, as executor of the last will of Mary L. Vail, deceased, against Lawson Purdy and others, as Commissioners of Taxes and Assessments of the City of New York, to review an assessment on personal property. Assessment vacated.

Theodore L. Bailey, for relator.

Archibald R. Watson, Corp. Counsel (Eugene Fay, of counsel), for defendants.

GIEGERICH, J.   The name of the relator, as executor, together with the value of personal property assessed against him in that capacity, was entered on the books of the tax commissioners on the 24th day of March, 1910, and while such books remained open for public inspection and correction.   It is conceded that unless the assessment so made was authorized by the provisions of section 894a of the Greater New York charter (Laws 1901, c. 466), as added by Laws 1906, c. 207, it was unlawful because made subsequent to the second Monday of January in that year.   The section in question reads as follows:

"So long as the books of annual record of the assessed valuation of real and personal estate of the several·boroughs remain open for public inspection, examination and correction, the board of taxes and assessments, after giving at least ten days prior personal notice to the party in interest, may add to the rolls of assessment of such annual record any real estate, or the name of the owner of any personal estate, and also the assessed valuation of any such real or personal estate that may have been omitted from such rolls on the day of the opening of such books."

The question is whether the assessment against the relator falls within the provisions of this section. I am of the opinion that it does not, for the reason that the relator is not the beneficial owner of the property in question, but merely the holder of the legal title in a representative and fiduciary capacity. Our tax laws have made a very careful distinction between the owners of property and persons who merely hold property as agents, executors or trustees (Tax Law [Consol. Laws, c. 60] §§ 8, 21, 33), and the distinction has been fully recognized in the decided cases (People ex rel. Darrow v. Coleman, 119 N. Y. 137, 23 N. E. 488, 7 L. R. A. 407; People ex rel. Day v. Tax Com'rs [Sup.] 17 N. Y. Supp. 923; People ex rel. Brewster v. Barker, 8 Misc. Rep. 32, 28 N. Y. Supp. 651).

I think, therefore, that the provision, contained in section 894a of the charter, that the name of an "owner" of personal property might be added to the assessment rolls after they had been made up and while they were still open for inspection and correction, cannot be held to authorize the addition of the name of an agent, executor or trustee, but only that of a general and beneficial owner. The tax law must be strictly construed, and the government can take nothing by way of a tax except what is clearly authorized by the words of the statute. People ex rel. Mutual Trust Co. v. Miller, 177 N. Y. 51, 57, 69 N. E. 124; People ex rel. Fifth Ave. Bldg. Co. v. Williams, 198 N. Y. 238, 247, 91 N. E. 638.

The assessment must therefore be vacated, with $50 costs to the relator.